IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 5:18-CR-48 |
| v. | VIOLATIONS: |
| THOMAS H. SACHY, | 21 U.S.C. § 846 |
| MAUREEN SACHY, | 21 U.S.C. § 841(a)(1) |
| EVELYNE ENNIS, and | 21 U.S.C. § 841(b)(1)(C) |
| BRANDY LYNN HAMILTON, a.k.a. | 21 U.S.C. § 841(b)(2) |
| BRANDY LYNN BIRCHFIELD | 21 U.S.C. § 856(a)(1) |
| | 18 U.S.C. § 1956(a)(1)(A)(i) |
| Defendants | 18 U.S.C. § 1956(h) |
| | 18 U.S.C. § 2 |
| | 21 U.S.C. § 853 |
| | 18 U.S.C. § 982 |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times material to this Indictment:

1. The Controlled Substances Act, Title 21, United States Code, Sections 801 and following ("CSA") governs the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA makes it "unlawful for any person knowingly or intentionally...to manufacture, distribute, or dispense...a controlled substance."

2. The CSA defines a "controlled substance" as a drug or other substance that is included in one of five schedules – Schedule I, II, III, IV, or V – of Subchapter I, Part B of the Act. Title 21, United States Code, Section 802(6). Drugs or substances are placed into these schedules based on their potential for abuse among other things.

a. "Schedule II" means that the drug or other substance has a currently accepted medical use with severe restrictions and has a high potential for abuse that can lead to severe psychological or physical dependence. Title 21, United States Code, Section 812(b)(2).

b. "Schedule III" means that the drug or other substance has a currently accepted medical use with a potential for abuse that is less than those listed in Schedule II, but can lead to moderate or low physical dependence or high psychological dependence. Title 21, United States Code, Section 812(b)(3).

c. "Schedule IV" means that the drug or other substance has a currently accepted medical use with a low potential for abuse relative to those listed in Schedule III and can lead to limited physical or psychological dependence. Title 21, United States Code, Section 812(b)(4).

3. Title 21, Code of Federal Regulations, Sections 1308.12, 1308.13, 1308.14, and 1308.15 consist of the drugs and other substances contained in Schedules II, III, IV, and V, respectively.

   a. Hydrocodone, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(b)(1)(vi). Hydrocodone, which may be combined with acetaminophen, is sold generically under a variety of brand names including Vicodin, Lortab, Lorcet, and Norco.

   b. Morphine, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(b)(1)(ix).

c. Oxycodone, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(b)(1)(xiii). Oxycodone, which may be combined with acetaminophen, is sold generically under a variety of brand names including Percocet, OxyContin, and Roxicodone.

d. Fentanyl, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(c)(9).

e. Methadone, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(c)(15).

f. Lisdexamfetamine, which is classified as a stimulant, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(d)(5). Lisdexamfetamine is sold generically under a variety of brand names including Vyvanse.

g. Alprazolam, which is classified as a depressant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(c)(2). Alprazolam is sold generically and under a variety of brand names including Xanax.

h. Carisoprodol, which is classified as a depressant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(c)(6). Carisoprodol is sold generically and under a variety of brand names including Soma.

i. Diazepam, which is classified as a depressant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(c)(16).

Diazepam is sold generically and under a variety of brand names including Valium and Diastat.

j. Phentermine, which is classified as a stimulant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(f)(9). Phentermine is sold generically and under a variety of brand names including Adipex and Fastin.

4. Title 21, United States Code, Section 822(b) and Title 21, Code of Federal Regulations, Section 290.1, provide that the controlled substances listed in Schedules II, III, IV, and V can be dispensed or distributed only by prescriptions by a practitioner registered with the United States Drug Enforcement Administration ("DEA") for that purpose. The DEA, as authorized by the Controlled Substances Act, issues registration numbers to qualifying medical practitioners that allow them to issue prescriptions for Schedule II, III, IV, and V controlled substances. Accordingly, controlled substances, such as opioid pain medications, can be dispensed only pursuant to a valid prescription from a medical practitioner authorized by the DEA to distribute controlled substances. Title 21, Code of Federal Regulations, Section 1306.03.

5. The term "dispense" means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user. Title 21, United States Code, Section 802(10).

6. The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical. The term "distributor" means a person who so delivers a controlled substance or a listed chemical. Title 21, United States Code, Section 802(11).

7. Title 21, Code of Federal Regulations, Section 1306.04 provides that in order for a prescription for a controlled substance to be valid, it "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."

8. A prescription for a controlled substance that was issued without a legitimate medical purpose or outside of the individual practitioner's usual course of his professional practice is not a valid prescription, and the person who issues the prescription violates Title 21, United States Code, Section 841(a)(1).

9. At the time of the events in the Indictment, Defendant **THOMAS H. SACHY** was registered with the DEA under the provisions of the Controlled Substances Act and was assigned a DEA registration number that authorized him to write prescriptions for Schedule II, III, IV, and V controlled substances. Defendant **THOMAS H. SACHY** also held a license to practice medicine in the State of Georgia and was employed at Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia.

10. At the time of the events in the indictment, Defendant **MAUREEN SACHY** acted as either a manager or fiduciary of Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia.

11. At the time of the events in the indictment, Defendant **EVELYNE ENNIS** was a registered nurse and was employed at Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia.

12. At the time of the events in the indictment, Defendant **BRANDY LYNN HAMILTON a.k.a. BRANDY LYNN BIRCHFIELD** was a certified medical assistant and employed at Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia.

13. At the time of the events in the Indictment, Defendant **THOMAS H. SACHY** was the only defendant that was a medical doctor and the only defendant that was authorized to practice medicine or write prescriptions.

## COUNT ONE
(Conspiracy to Distribute and Dispense Controlled Substances)

14. The allegations contained in paragraphs 1 through 13 of the Indictment are hereby repeated, re-alleged, and incorporated by reference as if duly set forth herein.

15. Beginning on a date unknown, but no later than January 1, 2013, and continuing up to and including May 1, 2018, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**THOMAS H. SACHY,**
a physician authorized to prescribe controlled substances,
**MAUREEN SACHY,**
**EVELYNE ENNIS, and**
**BRANDY LYNN HAMILTON, a.k.a. BRANDY LYNN BIRCHFIELD,**

Defendants herein, did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other, and others known and unknown to the Grand Jury, to knowingly and intentionally distribute and dispense, and cause to be distributed and

dispensed, outside the usual course of professional medical practice and for no legitimate medical purpose, quantities of pills containing detectable amounts of various controlled substances including, among others, hydrocodone (Schedule II), morphine (Schedule II), oxycodone (Schedule II), fentanyl (Schedule II), methadone (Schedule II), lisdexamfetamine (Schedule II), alprazolam (Schedule IV), carisoprodol (Schedule IV), diazepam (Schedule IV), and phentermine (Schedule IV) in violation of Title 21, United States Code, Section 841(a)(1).

**Purposes, Manner, and Means of the Conspiracy**

16. The purposes, manner, and means of the conspiracy, included but were not limited to, the following:

17. Defendants operated and assisted in operating Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia.

18. Defendants prescribed, distributed, dispensed, and aided in the prescription, distribution, and dispensation of hydrocodone, morphine, oxycodone, fentanyl, methadone, lisdexamfetamine, alprazolam, carisoprodol, diazepam, and phentermine, among other drugs, irrespective of any legitimate medical purpose for prescribing them, in an effort to generate profits/proceeds and enrich themselves.

19. To accomplish this purpose, **THOMAS H. SACHY**, a physician authorized to prescribe controlled substances, with the knowing involvement and participation of those known and unknown to the Grand Jury, would prescribe amounts of hydrocodone, morphine, oxycodone, fentanyl, methadone, lisdexamfetamine, alprazolam, carisoprodol, diazepam, and phentermine for reasons other than a

7

legitimate medical purpose and not in the usual course of professional treatment, thus causing, aiding, abetting, and facilitating the misuse, abuse, and further distribution of the prescribed controlled substances.

20. It was part of the conspiracy that **THOMAS H. SACHY** would prescribe controlled substances to certain individuals without conducting a thorough medical examination, which did not result in a legitimate diagnosis justifying the prescriptions of the controlled substances. Further, **THOMAS H. SACHY** would prescribe these drugs in inappropriate amounts and dosage combinations that exceeded that required for legitimate medical treatment and at times, resulted in the death and serious bodily injury of one or more patients.

All in violation of Title 21, United States Code, Section 846 in connection with Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and (b)(2).

## COUNT TWO
**(Unlawful Dispensation and Distribution of Controlled Substances Resulting in Death and Serious Bodily Injury)**

21. The allegations contained in paragraphs 1 through 13 of the Indictment are hereby repeated, re-alleged, and incorporated by reference as if duly set forth herein.

22. On or about August 26, 2016, to on or about August 30, 2016, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**THOMAS H. SACHY,**

Defendant herein, a physician authorized to dispense controlled substances, did knowingly and intentionally dispense and distribute oxycodone, a Schedule II controlled substance, carisoprodol and alprazolam, Schedule IV controlled substances, outside the

8

scope of professional practice and not for a legitimate medical purpose, causing the death and serious bodily injury of M.G.A. by oxycodone toxicity; all in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and (b)(2).

## COUNT THREE
**(Unlawful Dispensation and Distribution of Controlled Substances Resulting in Death and Serious Bodily Injury)**

23. The allegations contained in paragraphs 1 through 13 of the Indictment are hereby repeated, re-alleged, and incorporated by reference as if duly set forth herein.

24. On or about March 29, 2017 to on or about April 1, 2017, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**THOMAS H. SACHY,**

Defendant herein, a physician authorized to dispense controlled substances, did knowingly and intentionally dispense and distribute oxycodone and fentanyl, Schedule II controlled substances, outside the scope of professional practice and not for a legitimate medical purpose, causing the death and serious bodily injury of W.G.D. by cardiomyopathy; all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR
**(Unlawful Dispensation and Distribution of Controlled Substances)**

25. The allegations contained in paragraphs 1 through 13 of the Indictment are hereby repeated, re-alleged, and incorporated by reference as if duly set forth herein.

26. On or about July 3, 2016 to on or about July 4, 2016, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**THOMAS H. SACHY,**

Defendant herein, did knowingly and intentionally dispense and distribute, and cause to be dispensed and distributed, lisdexamfetamine and oxycodone, Schedule II controlled substances, by issuing prescriptions for the said controlled substances, not for a legitimate medical purpose and not in the usual course of professional practice; all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE
### (Maintaining Drug Involved Premises)

27. The allegations contained in paragraphs 1 through 13 of the Indictment are hereby repeated, re-alleged, and incorporated by reference as if duly set forth herein.

28. Beginning on a date unknown, but no later than January 1, 2013, and continuing up to and including May 1, 2018, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**THOMAS H. SACHY, and**
**MAUREEN SACHY,**

Defendants herein, did knowingly and intentionally open, lease, rent, use, and maintain a place, namely a business operating as "Georgia Pain and Behavioral Medicine," located at 247 Lana Drive, in Gray, Jones County, Georgia, for the purpose of distributing Schedule II and Schedule IV controlled substances, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and (b)(2); all in violation of Title 21, United States Code, Sections 856(a)(1) and 2.

## COUNT SIX
### (Money Laundering Conspiracy)

29. The allegations contained in paragraphs 1 through 13 of the Indictment are hereby repeated, re-alleged, and incorporated by reference as if duly set forth herein.

30. Beginning on a date unknown, but no later than January 1, 2013, and continuing up to and including May 1, 2018, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**THOMAS H. SACHY, and
MAUREEN SACHY,**

Defendants herein, did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other, and others known and unknown to the Grand Jury, to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and dispense controlled substances in violation of Title 21, United States Code, Section 846 in connection with Title 21, United States Code, Section 841(a)(1) with the intent to promote the carrying on of such specified unlawful activity, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

**Purposes, Manner, and Means of the Conspiracy**

31. The purposes, manner, and means of the conspiracy, included but were not limited to, the following:

11

32. The purpose of the money laundering conspiracy was to acquire monies from the illegal prescription, dispensation, and distribution of controlled substances to promote the continued operation of Georgia Pain and Behavioral Medicine.

33. It was part of the conspiracy that the Defendants and their co-conspirators did dispense and distribute hydrocodone, morphine, oxycodone, fentanyl, methadone, lisdexamfetamine, alprazolam, carisoprodol, diazepam, and phentermine, among other drugs.

34. Defendants generated significant proceeds from illegally prescribing, distributing, and dispensing controlled substances outside the scope of professional practice and not for a legitimate medical purpose.

35. Defendants and their co-conspirators used these proceeds to operate Georgia Pain and Behavioral Medicine and to fund the salaries of the clinic's employees.

All in violation of Title 18, United States Code, 1956(h).

### FORFEITURE NOTICE
(21 U.S.C. § 853 and 18 U.S.C. § 982 - Criminal Forfeiture)

1. The allegations contained in Counts One through Six of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853, and/or Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of any of the offense(s) contained in Counts One through Six of this Indictment, including Title 21, United States Code, Section 846, i/c/w Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(2) set forth in Count One;

Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(2) set forth in Count Two; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) set forth in Counts Three and Four; Title 21, United States Code, Sections 856(a)(1) and 2 set forth in Count Five; and/or Title 18, United States Code, Section 1956(h), i/c/w Title 18, United States Code, Section 1956(a)(1)(A)(i) set forth in Count Six of the Indictment the defendant(s),

**THOMAS H. SACHY,
MAUREEN SACHY,
EVELYNE ENNIS, and
BRANDY LYNN HAMILTON, a.k.a. BRANDY LYNN BIRCHFIELD,**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s); and/or any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon exercise of due diligence;

(b) has been transferred, sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

13

(e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18, United States Code, Section 982(b)(1).

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

A TRUE BILL.

*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

Presented by:

CHARLES E. PEELER
UNITED STATES ATTORNEY

C. SHANELLE BOOKER
Assistant United States Attorney

Filed in open court this **13** day of **June**, 2018.

C. Alston
Deputy Clerk

14