IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 5:18-CR-00048-TES-CHW |
| | : | |
| THOMAS H. SACHY, | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT THOMAS H. SACHY'S MOTION FOR RECONSIDERATION OF DETENTION ORDER

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and responds in opposition to Defendant Thomas H. Sachy's ("Sachy") Motion for Reconsideration of Detention Order ("Mot."). (Doc. 64). In support thereof, the United States shows as follows:

## I.        BACKGROUND

On June 13, 2018, an indictment was filed against Sachy charging him with conspiracy to distribute and dispense controlled substances, two counts of unlawful dispensation and distribution of controlled substances resulting in death and serious bodily injury, unlawful dispensation and distribution of controlled substances, maintaining a drug involved premises, and a money laundering conspiracy. (Doc. 1). On June 26, 2018, Sachy was arrested, Doc. 42, and arraigned. (Doc. 19). Following a contested detention hearing on July 2, 2018, the Court found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure

[1]

the safety of any other person and the community and found by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. Doc. 56 at 2.

As a result of the evidence that the United States presented at the detention hearing, the Court found that: (1) at Georgia Pain and Behavioral Medicine, Sachy's medical clinic, five separate firearms were located on the premises, including at the desk where Sachy conducted examinations of patients and within arm's reach of the receptionist's desk; (2) there were documents stored on a hard drive that Sachy carried in his satchel, along with a firearm, that included pictures of not only some of the investigating agents, but their families, as well as their homes, along with some of the agents' personal identifying information; and (3) that Sachy had substantial financial resources and had previously been held in civil contempt for transferring substantial assets to a foreign jurisdiction in an effort to evade court orders. Doc. 56 at 3. On July 9, 2018, Sachy filed the present motion requesting that the Court reconsider its previous order of detention. Mot. at 1.

## II.   ARGUMENT

After making an initial appearance, a judicial officer must enter an order either releasing or detaining a defendant pending trial. Fed. R. Crim. P. 5(d)(3); 18 U.S.C. § 3142(a). Following a detention hearing, 18 U.S.C. § 3142(f) provides that:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

[2]

> material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

In his motion, Sachy has failed to provide the Court with any information "that was not known to the movant at the time of the hearing" and none of the information provided "has a material bearing on" whether the Court can assure his appearance and the safety of the community. Instead, Sachy is attempting to get a second bite of the proverbial apple by relying on and citing to standards of review for a motion for reconsideration in a civil case, Mot. at 4, when the proper remedy in a criminal detention proceeding is to seek review and/or appeal to the District Court under 18 U.S.C. § 3145. Rule 5(d)(3) of the Federal Rules of Criminal Procedure states that "The judge must detain or release the defendant as provided by statute or these rules." Here, the relevant statute provides that a hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing[.]" 18 U.S.C. § 3142(f). Sachy has failed to present such information, therefore, the Court should deny his motion for reconsideration.

### A. How Sachy Obtained the Information Related to the Investigating Officers and Their Families is Not New Information and Has No Material Bearing on the Court's Finding That He Poses a Danger to the Community

Sachy states that the folder labeled "Thugs" on his hard drive containing pictures of the officers investigating him, their families, homes, home addresses and other personal identifying information was merely a show of incredulity, not violence or intimidation. Mot. at 8. Sachy goes on to further argue that the photos and information he downloaded

[3]

were publicly available either via Facebook or with "one free click" and that the "presence of the folder on Dr. Sachy's computer does not support the inference that he poses any danger to the individuals in those photographs." *Id.* 8-9. Sachy offers his counsel's conversation, after the detention hearing, with one of his patient's having trouble filling prescriptions allegedly because of an ongoing DEA investigation as his reason for labeling the folder "Thugs." This is not new information that was unknown or unavailable to Sachy prior to the hearing. To the contrary, Sachy admits that he "knew that the DEA was questioning his patients and advising pharmacists not to fill the prescriptions[1] he was writing." Mot. at 12. Moreover, how Sachy obtained the information on his hard drive is wholly irrelevant to the Court's determination that he is a danger to the community.

Contrary to Sachy's argument that he has not made "even the tiniest step towards an action designed to intimidate, frighten, or harass anyone involved in this investigation" the act of downloading the images and information on the officers and their families was the *first* "step towards an action designed to intimidate, frighten, or harass." It is one thing for a defendant to be curious about who is investigating him, but there is no benign reason for a defendant to download pictures of the investigating officer's family, including pictures of their children, or pictures of where they live or their home addresses. Saving the pictures on his personal hard drive is another step or act towards

---

[1] The United States disagrees with Sachy's assertion that the DEA "was advising pharmacists not to fill the prescriptions." For purposes of this response, Sachy's argument is merely being restated for the Court.

this same goal. These are not the actions of a curious voyeur. The only logical inference is that Sachy searched for, found, collected, and downloaded that information so that it could be used to influence, intimidate, or harm the investigating officers or otherwise obstruct the administration of justice in this case.

The claim that the only pictures that Sachy obtained of family members were pictures in which the investigating officer also appeared is incorrect. Mot. at 10. As Officer Ken Morrow testified to at the detention hearing, there were pictures of the investigating officer's children included in those files. Detention Hearing Transcript ("Tr."), Doc. 62 at 19-20. The officers were not pictured with their children in these photos. Out of respect for the privacy of the investigating officer's families, the United States did not produce every single picture Sachy downloaded. Instead, as shown in Government's Exhibit 2 admitted without objection at the hearing, the United States showed a screenshot of the "Thugs" folder with images of the officers as well as additional folders labeled with the names of the officers and/or their family members that contained more images, including images of their children alone.

Sachy's alleged "civil attempts to have [the investigating officers] sit down and discuss with what they believed was wrong with his prescribing practices" included sending letters threatening a civil suit to the officers' place of business and further name calling reflecting his "incredulity[.]" Mot. at 8. For what reason then, did Sachy need to find and download the investigating officers' personal addresses and pictures of their home?  Again, the only logical inference is that he obtained this information as a "step

[5]

towards an action designed to intimidate, frighten, or harass" these officers and their families.

**B.   The Reason Sachy Had Five Firearms in His Clinic is Not New Information and Has No Material Bearing on the Court's Finding That He Poses a Danger to the Community**

Sachy alleges that the reason there were five separate firearms in his medical clinic was to "defend the doctor and his staff against mentally ill patients or armed interlopers seeking to commit a crime against Dr. Sachy, his patients, or his staff." Mot. at 13. Sachy cites to a 2017 incident involving a state-court defendant who was charged with attempting to purchase pain medications from persons leaving his clinic and a 2011 incident report wherein a former patient who had been discharged returned in a disorderly manner. *Id*. at 11. Again, this is not new information nor does it have "a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community" as required under 18 U.S.C. § 3142(f). Sachy was aware of these incidents well before the July 2, 2018, detention hearing and his counsel certainly could have challenged the United States' evidence by questioning Officer Morrow during cross-examination or proffering such information. The failure to do so does not allow Sachy to decide to present this evidence now that he knows the Court's ruling.

Sachy, by stating that "there was no pharmacy; therefore, no means of dispensing pills; therefore no drugs to guard[,]" Mot. at 10, concludes that the "trap house inference makes no sense." *Id*. at 12. Sachy, unlike street drug dealers, does not need to have his

[6]

drugs on hand to supply his customers. His prescription pad is the key to the pharmacy and the gateway to the controlled substances he allows to pour out of his clinic on paper. The United States is not attempting to criminalize Sachy, or anyone in his clinic, for being lawful gun owners. Sachy, by unlawfully distributing controlled substances as alleged in the indictment, created this "trap house" environment and maintained a dangerous premise wherein he felt the need to protect himself from his own customers. By unlawfully prescribing to people who ultimately became addicted to pain medication, Sachy created a dangerous environment at his clinic and made it ripe for criminal activity. That is the reason there were firearms found not only on his person, but also accessible from the receptionist's desk and within arm's reach of the desk where he "examined" patients. Sachy created and maintained this dangerous premise and was protecting the center of his unlawful distribution.

### C. Confirmation of Sachy's Civil Contempt is Not New Information and Supports the Court's Finding that he has Substantial Financial Resources and has Attempted to Evade Court Orders

Sachy offers nothing new in regards his previous civil contempt for secreting away nearly a million dollars in spite of a court order. Sachy confirms, as the United States alleged at the detention hearing, that in January 2010, the Jones County Superior Court found that he was "in willful contempt of this Court for failure to pay a Court ordered Judgment in the amount of $930,000." Mot. at 14. Sachy states that he "purged" himself of this contempt by paying "nearly a million dollars to the Court" and, therefore, admits that he has a history of disobeying court orders. *Id*. There has been no new information

provided and therefore, there is no reason for this Court to reconsider its previous findings.

**D. Sachy Has Presented Nothing to Merit the Court's Reconsideration of His Order of Detention**

Sachy, in his motion for reconsideration, has failed to present information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of whether he is a danger to the community and whether there are conditions of release that will assure his appearance. 18 U.S.C. § 3142(f). Since he has not met his burden, there is no reason for the Court to deviate from the precedent set both in the Middle District of Georgia and in the Eleventh Circuit. *See United States v. Quartermaine*, 913 F.2d 910 (11th Cir. 1990); *United States v. Bivins*, 2011 WL 2182239 (M.D. Ga. 2011) (both finding that since the Government met its burden, the defendant should be detained.).

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). "If, however, there is probable cause to believe the defendant committed certain serious crimes, a presumption in favor of detention arises. A grand jury indictment establishes probable cause to believe

that a defendant committed the crime with which he is charged." *Bivins*, at *1 (citing to *Quartermaine*, at 916).

Here, because an indictment has been returned against Sachy charging him with crimes for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the rebuttable presumption arises that no condition or combination of conditions will reasonably assure Sachy's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). Even if this presumption is overcome, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence to factors listed in section 3142(g). " *Bivins*, at *1 (quoting *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1998) (internal quotations omitted)). The rebuttable presumption, in addition to Sachy's decision to obtain "photographs of investigating law enforcement officers and their families and homes, along with personal identifying information[,]" have "a firearm maintained within reach of the receptionist's desk, a firearm stored within reach under Defendant's desk in examining room," and to transfer "substantial assets to a foreign jurisdiction in an effort to evade court orders" weighs heavily against reconsideration of the Court's order of detention. Doc. 56 at 3. This is underscored by the fact that Sachy presented nothing that was "not known to the movant at the time of the hearing" in support of the present motion. He has failed to meet his burden, the Court, therefore, should deny his motion for reconsideration.

[9]

III.   **CONCLUSION**

For the reasons set forth above, the United States of America respectfully requests that the Court deny Sachy's motion for reconsideration of the detention order entered against him in this case.

Respectfully submitted, this 19th day of July, 2018.

CHARLES E. PEELER
UNITED STATES ATTORNEY

By:   */s/ C. Shanelle Booker*
C. SHANELLE BOOKER
Assistant United States Attorney
Georgia Bar No. 991041
United States Attorney's Office
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2655

<u>**CERTIFICATE OF SERVICE**</u>

I, C. Shanelle Booker, Assistant United States Attorney, hereby certify that on July 19, 2018, I filed the within and foregoing ***UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT THOMAS H. SACHY'S MOTION FOR RECONSIDERATION OF DETENTION ORDER*** with the Clerk of the Court using the CM/ECF system which will send notification to the Court and all counsel of record.

This 19th day of July, 2018.

CHARLES E. PEELER
UNITED STATES ATTORNEY

By:    */s/ C. Shanelle Booker*
          C. SHANELLE BOOKER
          Assistant United States Attorney
          Georgia Bar No.  991041
          United States Attorney's Office
          Post Office Box 1702
          Macon, Georgia 31202-1702
          Telephone: (478) 752-3511
          Facsimile: (478) 621-2655