IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THOMAS H. SACHY,<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>5:18-cr-00048-TES-CHW-1 |

ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S PRETRIAL
DETENTION ORDER AND DENYING DEFENDANT THOMAS H. SACHY'S
MOTION FOR REVOCATION OF DETENTION ORDER

Before the Court is Defendant Thomas H. Sachy's Motion for Revocation of Detention Order [Doc. 85] appealing the Order on Motion for Reconsideration of Detention [Doc. 78] entered by the United States Magistrate Judge on July 27, 2018. In his revocation motion, Defendant Sachy moves the Court to revoke the Order of Detention Pending Trial [Doc. 56] and grant a reasonable bond with any conditions of release which the Court may deem appropriate. [Doc. 85, at 1]. After conducting an independent *de novo* review, the Court **ADOPTS** the findings of fact and conclusions of law of United States Magistrate Judge Charles H. Weigle and **ADOPTS** Judge Weigle's pretrial detention order.

## FACTUAL BACKGROUND

On June 13, 2018, the Grand Jury returned a six-count Indictment [Doc. 1] charging Dr. Thomas H. Sachy with conspiracy to distribute and dispense controlled substances,

two counts of unlawful dispensation and distribution of controlled substances resulting in death and serious bodily injury, unlawful dispensation and distribution of controlled substances, maintaining a drug involved premises, and a money laundering conspiracy. *See generally* [Doc. 1]. The charges arose in connection with Dr. Sachy's medical practice and his employment at Georgia Pain and Behavioral Medicine, located in Gray, Georgia.

Thirteen days later, search warrants and arrest warrants were executed and Dr. Sachy, his fiancée Evelyn Ennis, his 79-year-old mother Maureen Sachy, and his medical assistant Brandy Hamilton, were arrested while his home, his mother's home, and his office were searched and numerous items were seized by the Government. The Government also seized vehicles and froze 14 bank accounts belonging to him, his family, and his businesses.

Dr. Sachy had his initial appearance in this matter on June 26, 2018. [Doc. 18]. Earlier that same day, the Government filed a Motion for Detention [Doc. 13] and asked for a three-day continuance of the detention hearing. The detention hearing was set for Friday, June 29, 2018, and was later postponed to Monday, July 2, 2018. *See* [Doc. 55].

At the detention hearing, held before Judge Weigle, Defendant presented evidence to show that Dr. Sachy was a "well-known" physician "who had significant ties to the community." [Doc. 85, at 3]. Defendant Sachy also argued that he was no longer a threat to patients or members of the community because he "surrendered his DEA registration number and could no longer prescribe controlled substances." [Doc. 85, at 3]. The

Government, on the other hand, argued, *inter alia*,[1] that Defendant Sachy was a "threat to the officers investigating him because the officers had discovered[,] on the hard drives seized from Dr. Sachy[,] photos of themselves and some of their family members, as well as photos of their homes and information concerning their address and telephone numbers." [*Id.*]. Notwithstanding the arguments presented by Defendant, Judge Weigle found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. [Doc. 56, at 2]. Second, the United States Magistrate Judge found by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required. [*Id.*].

On July 9, 2018, Defendant Sachy filed a Motion for Reconsideration of the Detention Order [Doc. 64] to which the Government, in opposition, filed its Response [Doc. 73] on July 23, 2018. Three days later, the United States Magistrate Judge conducted another hearing where the parties were allowed to present additional evidence. *See* [Doc. 77]. At the conclusion of the hearing, the United States Magistrate Judge denied the reconsideration motion and found that the additional evidence provided "no basis for reconsideration of the original decision." [Doc. 78.] On August 9, 2018, Defendant Sachy

---

[1] The United States Magistrate Judge further based his decision on the Government's representation that:
> During execution of search warrant at Defendant's medical practice, the Government seized five firearms, including a firearm maintained within reach of the receptionist's desk, a firearm stored within reach under Defendant's desk in examining room, a firearm in a medical assistant's purse, a firearm in a nurse's purse, and a firearm in Defendant's satchel.

[Doc. 56, at 3].

filed the present motion appealing the United States Magistrate Judge's reconsideration denial and now moves the Court to revoke the Magistrate Judge's Order of Detention Pending Trial [Doc 56]. [Doc. 85, at 1].

## STANDARD OF REVIEW

A person ordered detained by a magistrate judge may seek prompt review of the order by the district court. 18 U.S.C. § 3145(b). The district court reviews the magistrate judge's denial of bail *de novo*. *United States v. Jeffries*, 679 F. Supp. 1114, 1115 (citing *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)). In conducting its *de novo* review regarding the appropriateness of pretrial detention, the district court is not required to hold a hearing, and the court may explicitly adopt the findings and conclusions of the magistrate, or the court may decide that additional evidence is required and conduct an independent hearing. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

## DISCUSSION

After careful consideration of Defendant's revocation motion and the Government's Response [Doc. 87], the Court finds that the United States Magistrate Judge's factual findings were substantially supported by the evidence presented at not one, but two, lengthy detention hearings, and that the United States Magistrate Judge's legal conclusions, in light of the evidence and information presented, are correct.

The Bail Reform Act, which governs the pretrial release or detention of defendants, creates a rebuttable presumption in favor of releasing defendants on bond pending trial,

4

with the exception of certain offenses where the presumption is against release:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . [a federal drug offense] for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

18 U.S.C. § 3142(e)(3)(A). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990) (citing *United States v. Hurtado*, 770 F.2d 1467, 1479 (11th Cir. 1985)).

In a case where the statutory presumption is against release, the defendant then must satisfy the burden of producing evidence to rebut the presumption. *Id.; see also Hurtado*, 770 F.2d at 1470 n.4 ("Once the government establishes probable cause it becomes the task of the defendant to come forward with some quantum of evidence contrary to the fact presumed by the statute."). If the evidence presented by the defendant is sufficient to rebut the statutory presumption, the presumption, "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to the factors listed in Section 3142(g)." *King*, 849 F.2d at 488. Those factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, including the defendant's family and community ties, employment and financial resources, and criminal history; and (4) the nature and seriousness of the danger posed by the defendant

to any person or the community. 18 U.S.C. § 3142(g). The burden of persuasion remains with the Government to show either by a preponderance of the evidence that the defendant poses a risk of flight and that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings or by clear and convincing evidence that the defendant poses a danger to the community. *Quartermaine*, 913 F.3d at 917.

Here, Defendant Sachy's charges are brought against him pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(2); 21 U.S.C. § 846; 21 U.S.C. § 856(a)(1) and (2); and 18 U.S.C. § 1956(a)(1)(A)(i). *See* [Doc. 1]. Judge Weigle correctly found that probable cause existed to believe that Defendant Sachy committed the crimes with which he is charged and that, accordingly, the rebuttable presumption against pretrial release arises under 18 U.S.C. § 1342(e). Given that there are no additional factual issues to be resolved on the issue of Defendant Sachy's continued pretrial detention, there is no basis to reject the magistrate judge's pretrial detention order. Summarily, the Court agrees with and adopts the factual and legal conclusions of the United States Magistrate Judge. This determination is based on the premise that there is virtually nothing that any person—aside from continued pretrial detention—could do to prevent Defendant Sachy from engaging in potential threatening and invasive acts to either those investigating this case or members of the community at large.

## CONCLUSION

The Court's extensive and independent review of the record confirms that additional evidence would not affect the validity of the magistrate judge's findings and conclusions. Accordingly, the Court **DENIES** Defendant Thomas H. Sachy's Motion for Revocation of Detention Order [Doc. 85] and **ADOPTS** the United States Magistrate Judge's Order of Detention Pending Trial [Doc 56] as its own. Defendant Sachy should remain in custody until trial.

**SO ORDERED**, this 12th day of September, 2018.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT