**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No:** 5:18-cr-00048-TES-CHW-1 |
| ) | |
| **THOMAS H. SACHY,** ) | |
| **Defendant.** ) | |

**MOTION TO DISMISS COUNTS ONE AND FOUR OF THE INDICTMENT**
**OR IN THE ALTERNATIVE, REQUEST FOR BILL OF PARTICULARS**

COMES NOW, Thomas H. Sachy, Defendant in this action by and through his undersigned

attorney, and moves this court, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure,

for an order dismissing the indictment or, in the alternative, for an order, pursuant to Rule 7(f) of the

Federal Rules of Criminal Procedure, directing the government to file and serve on the defendant

a bill of particulars.

The grounds for this motion are that the indictment does not state facts sufficient to constitute

an offense against the United States, does not state in plain, concise, and definite language the

essential facts constituting the offense charged, and does not inform defendant of the nature of the

accusation against him in such a manner as to enable him to prepare a defense, as more specifically

set forth in the numbered paragraphs below.

1.

Under Count One (Conspiracy to Distribute and Dispense Controlled Substances), Paragraph

15 of the Indictment states, in relevant part: "Beginning on a date unknown, but no later than January

1, 2013, and continuing up to and including May 1, 2018..."  This time frame encompasses more

than the five year statute of limitations for the prosecution of any crimes that may be alleged in the Indictment.

2.

Also, under Count One of the Indictment, Paragraph 20 states:

It was part of the conspiracy that THOMAS H. SACHY would prescribe controlled substances to certain individuals without conducting a thorough medical examination, which did not result in a legitimate diagnosis justifying the prescriptions of the controlled substances. Further, THOMAS H. SACHY would prescribe these drugs in inappropriate amounts and dosage combinations that exceeded that required for legitimate medical treatment and at times, resulted in the deaths and serious bodily injury of one or more patients.

These one or more patients are not named in Count One of the Indictment. Nor can it be ascertained from reading Count One of the Indictment, together with the remaining paragraphs of the Indictment. Certainly, Count Two of the indictment has an alleged victim being M.G.A. in which this Defendant is charged with causing the death of and serious bodily injury to said M.G.A. by Oxycodone toxicity. Count Three of the indictment also has an alleged victim being W.G.D., in which this Defendant is charged with causing the death of and serious bodily injury to said W.G.D. by cardiomyopathy. Count One of the Indictment fails to **state an offence or crime.** In this regard, there are approximately one thousand (1,000) patients of Dr. Sachy identified by copies of files provided by the government and other files missing from the government's discovery responses. It is impossible to know who the patients are that the government claims Dr. Sachy prescribed drugs in inappropriate amounts and dosage combinations that exceeded that required for legitimate medical treatment **and**

**at times resulted in the death and serious bodily injury to such patients**.  Other than M.G.A. and W.G.D., what patients is the government claiming died as a result of Dr. Sachy's alleged aforesaid actions?  And, other than M.G.A. and W.G.D., what patients is the government claiming were seriously injured as a result of Dr. Sachy's alleged aforesaid actions?  "For an indictment to sufficiently charge an offense, it must allege the elements of the offense and inform the defendant of the charge against which he must defend..." **U.S. v. Pease**, 240 F.3d 938 (11th Cir., 2001).  It would be impossible for anyone to defend against a thousand or more unnamed alleged victims in this case.

3.

The only indication of patients Dr. Sachy injured that are in any wise possible victims under Count One of the Indictment are the patients expert witness Marion Lee gave reports on.  Those patients are Michelle Allen, Wanda Dixon, Debra Bell, Christopher Kelsay and Gina Kelsay. However, Christopher Kelsay is outside the statute of limitations due to the fact that he died from a motor vehicle accident on October 24, 2012.  Likewise, Debra Bell last saw Dr. Sachy, from notes of Marion Lee, in March of 2013, which is outside the five year statute of limitations. Also Marion Lee states in his report as to Gina Kelsay, "her last visit I have access to review is 6/17/11...".  And as to Debra Bell, the government, in order to gain a tactical advantage, intentionally did not provide the file of this patient to undersigned counsel for Dr. Sachy.  The failure to provide Dr. Sachy's patient file of Bell makes it impossible to defend any charges that may be related to the treatment of Bell, including having an expert witness to review her chart and file.

4.

For the above and foregoing reasons, Count One of the Indictment should be dismissed with

prejudice.

5.

Count Four of the indictment charges Dr. Sachy with Unlawful Dispensation and Distribution of Controlled Substances. In relevant part, paragraph 26 alleges that Dr. Sachy did "knowingly and intentionally dispense an distribute, and cause to be dispensed and distributed, lisdeamfetamine and oxycodone, Schedule II controlled substances, by issuing prescriptions for the said controlled substances, not for a legitimate medical purpose and not in the usual course of professional practice all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)". In this regard, no patients are named or identified in count four of the Indictment. There are approximately one thousand patients of Dr. Sachy that have been identified. Furthermore, no specific prescriptions have been identified that the government claims were written "not for a legitimate medical purpose." Therefore, the indictment fails to charge or allege an offense in Count Four of the Indictment. In this regard, insufficient information is given in the indictment in order to allow Dr. Sachy to defend himself concerning Count Four of the Indictment. **U.S. v. Pease**, 240 F.3d 938 (11th Cir., 2001). As in Count One, it would be impossible for anyone to defend against a thousand or more unnamed alleged victims in this case.

Furthermore, failure to identify the alleged victims or patients to whom such prescriptions were written is fatal to Count Four of the Indictment. It was held in the case of **U.S. v. Flynt**, 15 F.3d 1002 (11th Cir., 1994) at page 1005, that the victim needs to be sufficiently identified. It was further held in that case "that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." **Stirone v. United States**, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252, 256 (1960).

6.

For the above and foregoing reasons, Count Four of the Indictment should be dismissed with prejudice.

## MOTION FOR BILL OF PARTICULARS

In the alternative to this Defendant's Motion to Dismiss Count One and Count Four of the Indictment, pursuant to Fed. R. Crim. P. 7(f), this Defendant moves the court for an order directing the United States of America to furnish him with a Bill of Particulars with respect to the following matters alleged in the Indictment, particularly setting forth the following:

1.

The exact location, including street address, where the government claims the Defendant made an illegal sale of any and all drugs claimed to be sold in violation of the criminal laws of the United States or any other laws of any type or kind.

2.

The exact date and time that the government claims each and every illegal sale, unlawful dispensation and distribution of controlled substances occurred or took place.

3.

The name and address of all patients, persons or individuals to whom the government claims this Defendant unlawfully sold and transferred and unlawfully dispensed or distributed controlled substances.

5.

The name and address of all patients, persons or individuals, to whom the government claims

this Defendant unlawfully prescribed, unlawfully dispensed and unlawfully distributed without conducting a thorough medical examination that did not result in a legitimate diagnosis justifying the prescriptions of the controlled substances.

6.

The name and address of all patients, persons or individuals, to whom the government claims this Defendant unlawfully prescribed, unlawfully dispensed and distributed controlled substances in inappropriate amounts and dosages combinations that exceeded that required for legitimate medical treatment.

7.

The name and address of all patients, persons or individuals the government claims received serious bodily injury due to the government's allegations of criminal conduct of the Defendant set forth in Paragraph 20 and elsewhere in the Indictment.

8.

The name and address or last known address of all patients, persons or individuals the government claims died as a result of the alleged criminal conduct of the Defendant alleged in Paragraph 20 of the Indictment and elsewhere in the Indictment.

9.

State the names and addresses of all patients, individuals or persons that are acting on behalf of, or at the instance of the government at the time of any of the alleged unlawful dispensing or distribution of controlled substances.

10.

The above information is needed in order for this Defendant to defend himself on the charges

in the Indictment and in an effort to ensure that he has a fair trial and all information is within the particular knowledge of the United States Attorney and is essential to enable this Defendant to prepare for and to avoid surprise at trial.

This 15th day of March , 2019.

/S/Johnny R. Pannell _____
JOHNNY R. PANNELL
GEORGIA STATE BAR 560975
ATTORNEY FOR DEFENDANT
THOMAS H. SACHY
POST OFFICE BOX 2226
GRAY, GA 31032
PHONE: 478-867-2992
EMAIL:  johnnypannell@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I, Johnny R. Pannell, Attorney for Defendant, Thomas H. Sachy, hereby certify that I have this day electronically filed the within and foregoing MOTION TO DISMISS COUNTS ONE AND FOUR OF THE INDICTMENT OR IN THE ALTERNATIVE, REQUEST FOR BILL OF PARTICULARS, with the Clerk of the United States District Court using the CM/ECF system which will generate a notice of electronic filing of said document containing a link to said document to all registered participants in the above and foregoing case.

This <u>15th</u> day of <u>March</u>, 2019.

<u>/S/Johnny R. Pannell</u>
JOHNNY R. PANNELL
GEORGIA STATE BAR 560975
ATTORNEY FOR DEFENDANT
THOMAS H. SACHY
POST OFFICE BOX 2226
GRAY, GA 31032
PHONE: 478-867-2992
EMAIL: johnnypannell@gmail.com