IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No: 5:18-cr-00048-TES-CHW-1 |
| | ) |
| THOMAS H. SACHY, | ) |
|     Defendant. | ) |

**MOTION TO DISMISS FOR DISCOVERY VIOLATIONS
INCLUDING FAILURE TO RESPOND TO REQUEST FOR BRADY MATERIAL
OR IN THE ALTERNATIVE, MOTION TO COMPEL**

COMES NOW, Thomas H. Sachy, Defendant in this action by and through his undersigned attorney, and moves this court, for an order dismissing the indictment in this case for discovery violations, including failure to respond to Defendant's request for *Brady* material or, in the alternative, motion to compel.

1.

This case was declared complex by agreement of all of the parties hereto.

2.

Defendant's attorneys filed a discovery demand by and through attorney, Franklin Hogue, on July 9, 2018 (Doc. 63).

3.

On November 24, 2018, this Defendant, through his undersigned attorney, made a request for discovery *For Exculpatory Evidence and Impeachment Material* (Doc. 103).

4.

Pursuant to the aforesaid discovery demands, the government served upon this Defendant

discovery in this case which was mailed out on Friday, February 1, 2019, by Fed Ex and received by this Defendant on February 4, 2019.

5.

The discovery contained 49 boxes of patients files. However, such discovery should have been 51 boxes of files as patient boxes 48 and 49 were not included in the discovery from the government.

6.

Also, at this point, this Defendant has determined in excess of thirty-three (34) critical files that are missing from said discovery. A list of these files have been submitted to the government. One of these files is on W.G.D., which is the subject of Count Three of the Indictment in this case, charging this Defendant with causing her death. This file is absolutely critical in preparing a defense for this Defendant. Also, the other files are necessary to ensure that the Defendant receives a fair trial in this case. All files and every single relevant document of evidence was removed by the government from this Defendant's office, home and the home of his Mother.

7.

In addition, no witnesses statements were included in the discovery provided by the government. For sure, the DEA took the statements from several patents of Dr. Sachy personally. Many witnesses indicated to undersigned attorney that their statements were favorable to Dr. Sachy, and thus this is exculpatory information. Furthermore, it is material information, relevant to both guilt and punishment, favorable to my client and within the actual or constructive knowledge or possession of persons acting for or on behalf of the government. Furthermore, it was specifically requested in my Brady and Hicks motion in paragraph 1A, numbers 1 through 8 and 2(A)(B) and (C)

thereof. (Doc. 103).

8.

Also, missing from discovery is one very large file folder and several small file folders containing information that, in my professional opinion, will clear Dr. Sachy of the charges pending against him in this case. These files contain records and documentation showing Dr. Sachy dismissed patients that did not comply with his treatment plan and their agreement they entered into with Georgia Pain and Behavioral Management. These files are absolutely necessary for me to defend Dr. Sachy. These files were specifically requested in my Brady and Hicks motion in paragraph 1(B), 1 through 6 thereof. (Doc. 103).

9.

Also missing are the scheduling records, appointment books, appointment calendars and all documents and writings which show dates and time patients had appointments with Georgia Pain and Behavioral Medicine. This information show that Dr. Sachy did not run a "pill mill" where he saw large numbers of patients on a daily basis. These documents were specifically requested in my Brady and Hicks motion in paragraph 1(C) thereof.

10.

Also missing were all documents or other writings showing drug screens and the results of drug screens which were performed and requested to be performed by Dr. Sachy and his staff at Georgia Pain and Behavioral Medicine. These documents were specifically requested by my Brady and Hicks motion in paragraph 1(D) thereof.

11.

Also missing were all documents or other writings which show that pill counts were required

and performed by Dr. Sachy or his staff or agents at Georgia Pain and Behavioral Medicine. These documents were specifically requested by my Brady and Hicks motion in paragraph 1(E) thereof.

12.

Also missing were some financial writings and documents, including receipt books used by Dr. Sachy in his practice which show and prove Dr. Sachy and his staff accepted forms of payment other than cash and showing proof that Dr. Sachy did not maintain a drug involved premises and that he was not engaged in a money laundering conspiracy. These documents were specifically requested by my Brady and Hicks motion in paragraph 1(F) thereof.

13.

Also missing from discovery are writings and documents of any type, including electronically recorded statements taken from undercover agents, informants or other such witnesses. The same would show and prove that Dr. Sachy did not engage in any criminal activity, including the criminal activity alleged in the indictment in this case. These documents were specifically requested by my Brady and Hicks motion in paragraph 1(G) thereof.

14.

Also missing were audio and visual recordings taken from Dr. Sachy's office, home and home of his mother, Maureen Sachy, including surveillance audio - visual and audio - videos of patient visits and examinations. Also, missing were any audio - visual recording from the body cameras of DEA and other law enforcement agents that entered the premises of Georgia Pain and Behavioral Medicine, Dr. Sachy's personal residence at the time and that of his mother, Maureen Sachy's residence. These audio visual recordings would show that Dr. Sachy ran a legal pain management clinic and not a pill mill. Also, it would discredit the law enforcement agents that

performed the raid showing any misconduct they engaged in, which would include the theft of personal jewelry belonging to my client and his said mother from her personal residence. These documents were specifically requested by my Brady and Hicks motion in paragraph 1(H & I) thereof.

15.

Also missing are the items requested in paragraphs 3(A), 3(B), 3(C), 3(D), 3(E), 3(F), 3(G), and 3(H) of my Brady and Hicks motion (Doc. 103). These would include the prior juvenile and criminal records or other prior material acts of misconduct of any witness the government intends to call as a witness. It would also include any polygraph tests, oral or written results administered to any prospective witnesses for the state. Also, any documents or other evidence that show any prospective government witness is or has been under investigation by federal, state or local authorities. This would also include any documents or other evidence that prospective government witness has ever made any false statement to authorities, whether or not under oath or penalty of perjury. This would also include any documents or evidence that show any perspective government witness is biased, prejudiced, or has a motive to be biased or prejudiced against my client. Also included would be any documents or other evidence that any perspective witness has made a contradictory or inconsistent statement with regard to this case, and evidence that the testimony of any prospective government witness is inconsistent with any statement of any other person or prospective witness. Also included would be any documents or evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective government witness' ability to perceive, remember, communicate, or tell the truth is impaired; including any evidence that a witness has ever used illegal controlled substances, or has ever been an alcoholic. Also included would be the names and addresses of witnesses to the offenses allegedly committed by this defendant

which the government does not intend to call.

16.

Also. missing is a large percentage of a file labeled, as follows: "Doc Board 1 - 2016.pdf" located in patient file box 33 or 51. Contained in Dr. Sachy's aforesaid file, which was taken from his office, would prove Dr. Sachy's innocence and would exonerate him from the allegations in the indictment that he prescribed large amounts of controlled substances "without legitimate medical purpose." Attached hereto as Exhibit "B", which contains an allegation by the Georgia Composite Medical Board against Dr. Sachy for prescribing controlled substances without a legitimate medical purpose and prescribing to habitual drug users. There should be a finding in the file taken by the DEA issued by the Georgia Composite Medical Board that there was no evidence to support prosecution for a violation of the Medical Practice Act and they consequently voted to close this case.

17.

Also, the government has not provided this Defendant with proper notice of expert testimony as outlined in the attached letter dated March 8, 2019.

18.

Prior to filing this motion, this Defendant has made a good faith effort to resolve all issues and matters mentioned and otherwise alleged in this motion.

Wherefore, this Defendant moves for a Dismissal of all of the Indictment of this Defendant with prejudice for the above and foregoing discovery violations, or in the alternative, a Motion to Compel discovery of the aforesaid missing document and information.

This 15th day of March, 2019.

/S/Johnny R. Pannell
JOHNNY R. PANNELL
GEORGIA STATE BAR 560975
ATTORNEY FOR DEFENDANT
THOMAS H. SACHY
POST OFFICE BOX 2226
GRAY, GA 31032
PHONE: 478-867-2992
EMAIL: johnnypannell@gmail.com

CERTIFICATE OF SERVICE

I, Johnny R. Pannell, Attorney for Defendant, Thomas H. Sachy, hereby certify that I have this day electronically filed the within and foregoing **MOTION TO DISMISS FOR DISCOVERY VIOLATIONS INCLUDING FAILURE TO RESPOND TO REQUEST FOR BRADY MATERIAL OR IN THE ALTERNATIVE, MOTION TO COMPEL**, with the Clerk of the United States District Court using the CM/ECF system which will generate a notice of electronic filing of said document containing a link to said document to all registered participants in the above and foregoing case.

This 15th day of March, 2019.

    /S/Johnny R. Pannell
JOHNNY R. PANNELL
GEORGIA STATE BAR 560975
ATTORNEY FOR DEFENDANT
THOMAS H. SACHY
POST OFFICE BOX 2226
GRAY, GA 31032
PHONE: 478-867-2992
EMAIL: johnnypannell@gmail.com

JOHNNY R. PANNELL
Attorney at Law
johnnypannell@gmail.com

P. O. Box 2226
Gray, GA 31032
(478) 867-2992

March 8, 2019

Shanelle Booker, Asst. U. S. Attorney
U. S. Attorney's Office
Department of Justice
P. O. Box 1702
Macon, GA 31202-1702

Re: Dr. Thomas H. Sachy
     United States of America Vs. Thomas H. Sachy
     Case Number 5:18-cr-00048-TES-CHW
     Inmate Number: 510749
     Supplement to Letter of February 28, 2019 Regarding Discovery

Dear Ms. Booker,

     Please look at this letter as supplemental to my letter addressed to you of February 28, 2019. Please consider my previous letter of February 28, 2019 and the present letter of this date to be good faith efforts to resolve the missing discovery mentioned in my previous letter and this supplemental letter.

     On March 1, 2019, I received your notice regarding your expert witnesses you intended to call in this case. You stated as to Dr. Johanna Sullivan, that you had "provided cirriculum vitae ("CV") detailing her qualifications as well as written reports of her opinions and the basis of her opinions have been provided to the Defendants as part of discovery in this matter." I have thoroughly looked through the discovery material that you furnished and, not only have I not received her qualifications and opinions, there is no mention of Dr. Sullivan in the discovery material to me.

     Also, you state that you intend to offer the testimony of Dr. Stacey Hail as an expert in this case. You state that a "summary of Dr. Hail's qualifications, relevant experience, and certification, as well as written reports of her opinions and the basis of her opinions have been provided to the Defendants as part of the discovery in this matter." In this regard, there was no curriculum vitae included on Dr. Hail. There is no indication of where she attended college or medical school nor whether or nor she even attended medical school. There is a short summary of her qualifications, experience and certification without much detailed information. You state Dr. Hail is expected to testify that "patients of Dr. Sachy, the patient(s) would not have died but for prescriptions prescribed by Sachy." The only two patients listed and studies done by Dr. Hail are on a MG, date of death 11/18/2005, and on an MA, date of death 8/30/2016.

Furthermore, there are a number of documents used by Dr. Hail in her evaluation of MG that are not included in the discovery material you provided to me. As to the patient MG, there was no medical records included and Dr. Hail shows she reviewed the medical records of the Coliseum Medical Center on the said MG. Also, Dr. Hail indicated that she had reviewed Dr. Sachy's medical records and medical file on this patient. However, no medical records or file of Dr. Sachy's was included in the discovery you served on me. Also, Dr. Hail states that she reviewed "the State of Georgia, Georgia Bureau of Investigation, Record of Medical Examiner." No such records were included in your discovery, nor was an autopsy included in the discovery as to the said MG. Also, Dr. Hail states that she reviewed the records of "the Monroe County Sheriff's Office" regarding the death of the said MG. No records of the Monroe County Sheriff's Office regarding the death of MG were included in your discovery served upon me. Also, Dr. Hail states she reviewed "the DEA Report of Investigation" as to the death of MG. No DEA Report of Investigation in regard to the death of MG was included in your discovery served upon me.

Furthermore, there are a number of documents by Dr. Hail in her evaluation of MA that are not included in the discovery material you provided to me. First of all, Dr. Sachy's patient file on MA was not included in your discovery material, but was used by Dr. Hail in her evaluation. Also omitted from your discovery was the following documents and records:

1. The Gordon Drug Company report;
2. The Twiggs County Coroner Report;
3. The Autopsy Report;
4. State of Georgia, Georgia Bureau of Investigation Medical Examiner's Report; and
5. Tennessee Bureau of Investigation, Nashville Crime Laboratory Report.

Request is hereby made for the production of the above mentioned files, reports and documents used by Dr. Hail in her investigation and evaluation of the deaths of MG and MA.

Also, in the government's Notice of Expert Testimony, is a statement that the government intends to offer the testimony of Dr. Marion Lee, Jr.. A written report was made by Dr. Lee as to Wanda Gail Dixon, Robert Johnson, Michelle Allen, Gina Kelsay, Christopher Kelsay and Debra Bell. However, Dr. Sachy's files on both Wanda Gail Dixon and Debra Bell are missing and not included in discovery. You state in your notice of expert testimony that Dr. Lee's CV detailing his qualifications were included and provided in the discovery in this matter. However, no such document was included as to Dr. Lee. In fact, his last name was not even set forth in his reports.

As to Michelle Allen, the following records used by Dr. Lee were not included in the discovery material:

1. The Autopsy Report as to Michelle Allen;
2. The Death Certificate as to Michelle Allen;
3. All drug screens as to Michelle Allen used by Dr. Lee not in Dr. Sachy's file;
4. All pill counts aa to Michelle Allen not in Dr. Sachy's file;
5. All documents which show that all members of Michelle Allen's family were dismissed by Dr. Sachy on April 1, 2015 not in Dr. Sachy's file; and
6. All prescriptions issued by Dr. Sachy as to Michelle Allen not in Dr. Sachy's file.

Demand is hereby made for a copy of the above set forth documents and records.

As to Debra Bell, the following records used by Dr. Lee were not included in the discovery material:

1. The file of Dr. Sachy was not included in the discovery material; and
2. The records of Dr. Lobel in which he reviewed Debra Bell's file for the Georgia Composite Medical Board.

Demand is hereby made for a copy of the above set forth documents and records.

As to Wanda Dixon, the records used by Dr. Lee were not included in the discovery material. The records used by Dr. Lee as to Dixon include the following:

1. Old records obtained from her orthopaedist;
2. The records of Dr. Mansour;
3. Drug screen reports;
4. Records from Dr. Deen not in Dr. Sachy's file;
5. Hospital records of Dixon; and
6. Autopsy records of Dixon.

Demand is hereby made for a copy of the above set forth documents and records.

As to Robert Johnson, the records used by Dr. Lee were not included in the discovery material. The records used by Dr. Lee as to Robert Johnson include the following:

1. All MRI reports on the patient not in Dr. Sachy's file;
2. All prescriptions written for patient not in Dr. Sachy's file;
3. All hospital and other medical records reviewed by Dr. Lee by other medical providers, including Dr. Guitton and Dr. Cable not in Dr. Sachy's file;
4. All drug screen results not in Dr. Sachy's file;
5. All hospital and other medical records reviewed by Dr. Lee from the ER Physician at St. Joseph's Hospital not in Dr. Sachy's file;
6. The records of Anchor Health in-house treatment for substance abuse not in Dr. Sachy's file;
7. All records of Southern Regional in which patient was admitted for treatment for COPD not in Dr. Sachy's file; and
8. All drug screens not included in Dr. Sachy's file;

Demand is hereby made for a copy of the above set forth documents and records.

As to Christopher Kelsay a/k/a Christopher Kelsay, the records used by Dr. Lee were not included in the discovery material. The records used by Dr. Lee as to Christopher Kelsay include the following:

1. All prescriptions written by Dr. Sachy not in Dr. Sachy's file;
2. The records of Dr. J. S. Robinson not in Dr. Sachy's file;

3. All drug screens on this patient used by Dr. Lee not in Dr. Sachy's file;
4. All records of Aetna used by Dr. Lee in his evaluation not in Dr. Sachy's file;
5. All records of Dr. Grigorian used by Dr. Lee that are not in Dr. Sachy's file; and
6. All Autopsy Records used by Dr. Lee in his evaluation.

Demand is hereby made for a copy of the above set forth documents and records.

As to Gina Kelsay, the records used by Dr. Lee wee not included in the discovery material. The records used by Dr. Lee as to Gina Kelsay include the following:

1. All Prescriptions written by Dr. Sachy not in Dr. Sachy's file; and
2. Drug screens performed on the patient not in Dr. Sachy's file.

Demand is hereby made for a copy of the above set forth documents and records.

In the Government's Notice of Expert Testimony, you state that the Government intends to offer the testimony of Dr. Hans Hansen as an expert in the field of pain management and professional clinical practice. However, you fail to state that a summary of Dr. Hansen's CV detailing his qualifications as well as written reports of his opinions and the basis of his opinions have been provided to the Defendants as part of discovery in this matter. Rather, you state that a "summary of Dr. Lee's CV detailing his qualifications as well as written reports of his opinions and the basis of his opinions have been provided to the Defendants as part of discovery in this matter." Furthermore, there indeed was no summary of Dr. Hansen's CV detailing his qualifications as well as written reports of his opinions and the basis of his opinions provided to the Defendants as part of discovery in this matter. Demand is hereby made for a copy of any such summary of Dr. Hansen's CV detailing his qualifications as well as any existing written reports of his opinions and the basis of any such opinions which the Government intends to provide to the Defendants as part of discovery in this matter.

In the Government's Notice of Expert Testimony, you state that the Government intends to offer the testimony of Dr. Marianne Gaffney-Kraft as an expert in the field of medicine and forensic pathology. You also state that Dr. Kraft's CV detailing her qualifications as well as written reports of her opinions and the basis of her opinions have been provided to the Defendants as part of discovery in this matter. However, you have failed to provide the same in the discovery provided. Demand is hereby made for a copy of the above stated CV of Dr. Marianne Gaffney-Kraft and all written reports of her opinions and the basis of her opinions which the Government intends to provide to the Defendants as part of discovery in this matter.

Also, Defendant demands a copy of the autopsy reports of Dr. Kraft as to Wanda Gail Dixon and Michelle Allen. Also, demanded are copies of all other documents and records of any type used by Dr. Kraft in the performance of the afore stated autopsies, including all medical records and all physical objects, such as prescription pill bottles, pill bottles containing unused portions of prescriptions.

In the Government's Notice of Expert Testimony, you state that the Government also intends to offer the testimony of Task Force Officer Ken Morrow of the Drug Enforcement Administration's ("DEA") Tactical Diversion Squad as an expert witness in illicit drug abuse and controlled substance distribution. Demand is hereby made for a copy of the summary of Officer Morrow's qualifications, as promised in your Notice of Expert Testimony.

Defendant also demands a copy of all investigative files in this case from any and all agencies involved in this investigation.  A copy of the same was not provided to the Defendant in the discovery produced by the government.

Also, Defendant demands a copy of all "redacted" records of all documents previously supplied and all documents yet to be provided to Defendant in discovery.

Dr. Sachy needs the return of his original files in order to properly review his records and to prepare a defense in this case.  Demand is hereby made that such original records of Dr. Sachy be turned over to his undersigned attorney at the earliest possible time.

Defendant reserves the right to supplement this discovery demand at any time in the future by supplementing the same.

If these matters cannot be worked out between the parties, this Defendant will have to file a Motion to Compel, a Motion to Dismiss and any other motions necessary to bring the Government into compliance with the discovery requirements in this case.

Very Truly Yours,

*/S/Johnny R. Pannell*

Johnny R. Pannell
Attorney for Dr. Thomas H. Sachy

JRP/jp