Filed at 6:07 P.M.
June 21, 2021

_Cheryl Cellin_
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 5:18-CR-00048-TES-CHW |
| | : |
| THOMAS H. SACHY, | : |
| | : |
| Defendant | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Thomas H. Sachy, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant her understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands

1

that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing, the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as follows:

2

(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Four of the Indictment which charges Defendant with Unlawful Distribution of Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(B) That Defendant fully understands that Defendant's plea of guilty to Count Four as set forth in Subparagraph (A), above, will subject Defendant to a maximum sentence of twenty (20) years imprisonment, a maximum fine of $1,000,000.00, or both, and a term of supervised release of at least three (3) years.

However, this plea agreement is made pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and Defendant and the United States Attorney agree to recommend that any sentence of imprisonment imposed in this matter not exceed 97 months imprisonment. If the Court accepts this agreement, this request will be binding on the Court, and that the Court will not decide whether to accept this agreement until after it has reviewed the Pre-Sentence Investigation Report ("PSR") prepared by the U.S. Probation Office concerning defendant. Fed. R. Crim. P. 11(c)(3). Defendant further understands that if the Court rejects this plea agreement the Court must do so on the record and in open Court. The Court must advise defendant of the following: (A) inform the parties that the Court rejects the plea agreement, (B) advise Defendant personally that the Court is not required to follow the plea agreement and give defendant the opportunity to withdraw the plea and (C) advise Defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the Defendant than the plea agreement contemplated. The Government further agrees that should this

3

plea be withdrawn based on the Court notifying the parties that it will not accept the terms of this agreement, the Government will not make any use of the statements made by Defendant during the plea colloquy or as stipulated in this agreement in any subsequent trial which might be necessary.

(C)     The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigation Report and found by the Court to be the correct guideline range.

(D)     The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigation Report has been completed.  The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigation Report and challenge any facts reported therein.  The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigation Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

4

(E)   Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)   Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)   **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future

5

retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment as well as any and all criminal violations about which the Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The Defendant understands that this agreement does not require the Defendant to implicate any particular individual or individuals or to "make a case," rather it requires the Defendant to be truthful and to testify truthfully whenever called upon.

6

(I)     Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)     The United States of America and Defendant hereby agree that any breach of this agreement by the Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve the Defendant of Defendant's plea of guilty; (b) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this superseding information; (c) permit the Government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the Government to utilize against the Defendant in any subsequent judicial proceeding any and all statements made by the Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(K)   Defendant understands, and has fully discussed with defendant's attorney, that concerning Count Four the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.  Defendant agrees that the total amount of restitution reflected in this Plea Agreement results from Defendant's conduct as described in the indictment to which the Defendant is entering a plea of guilty.

(L)   Defendant agrees that any restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct.  Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Financial Litigation Unit (FLU), United States



8

Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the FLU, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count Four of the Indictment.

(B) That he further agrees, if the Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of the Defendant's cooperation known to the sentencing court. If the

9

Defendant is not completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should the Defendant fail to cooperate truthfully and completely with the Government, or if the Defendant engages in any additional criminal conduct, the Defendant shall not be entitled to consideration pursuant to this paragraph.

(C)     Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of the Defendant's plea

10

agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the Defendant in connection with the Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(D) If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(E) The Government will recommend co-defendant Evelyne Ennis be admitted for a 12-month term of pretrial diversion.

11



(5)

## Criminal Forfeiture

Defendant THOMAS H. SACHY hereby agrees to forfeit to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all property, which is subject to forfeiture pursuant to Title 21, United States Code, Section 853, including, but not limited to the following:

### FIREARMS

A. Six (6) assorted firearms with magazines and ammunition, seized from Thomas Sachy at Georgia Pain and Behavioral Medicine, more particularly described as follows:

1. One (1) Berretta, Model: U22 Neos, .22 caliber pistol, Serial Number: R12360, with attached magazine and four (4) rounds of ammunition;

2. One (1) Ruger, Model: 10/22, .22 caliber Takedown Lite rifle, Serial Number: 354-28585, with attached magazine and fourteen (14) rounds of ammunition;

3. One (1) Remington, Model: 870, .12 caliber Express Synthetic Tactical shotgun, Serial Number: AB879440M, with seven (7) rounds of ammunition;

4. One (1) Lithgow Enfield, Model: S.M.L.E, .303 caliber MK III rifle, Serial Number: 95157, with attached magazine;

5. One (1) Taurus, Model: PT-145, .45 caliber Millennium Pro pistol,

Serial Number: NCS95614, with attached magazine and nine (9) rounds of ammunition;

6. One (1) Smith & Wesson, Model: 4516, .45 caliber Compact Stainless pistol, Serial Number: TCT0969, with attached magazine and eight (8) rounds of ammunition.

(hereinafter collectively referred to as the "subject property").

(A) Defendant agrees to the entry of a preliminary order of forfeiture of the subject property pursuant to the Federal Rules of Criminal Procedure 32.2 upon acceptance of defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the subject property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J), at the time his guilty plea is accepted.

(C) Defendant agrees that the subject property constitutes or was derived from proceeds obtained, directly and indirectly, as a result of offense(s), and/or was used, or intended to be used in any manner or part to commit, or to facilitate the commission of the violation(s) of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) set forth in Count Four of the Indictment, and is subject to forfeiture under Title 21, United States Code, Section 853.

13



(D) Defendant agrees fully to assist the United States in the forfeiture of the subject property and to take whatever steps are necessary to pass clear title to the subject property to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer Defendant's interest in any of the subject property to the United States, and taking whatever steps are necessary to ensure that the property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(E) Defendant agrees to waive all interest and not file a claim to any of the subject property, or any other property subject to forfeiture, in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, which may be or has been initiated.

(F) Defendant agrees to waive Defendant's right to notice of any forfeiture proceeding involving the subject property, or any other property subject to forfeiture, and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(G) Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the subject property. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the subject property in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any



claim of excessive fine, to the forfeiture of the subject property by the United States, the State of Georgia, or its subdivisions.

(H) Defendant agrees that forfeiture of the subject property as authorized herein shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the Defendant in addition to forfeiture.

(I) Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of the subject property.

(J) The Government reserves its right to proceed against any remaining assets not identified either in this agreement or in any subsequent civil action, which are being resolved along with this plea of guilty, including the following property:

**CURRENCY**

1. Four hundred thirty seven thousand, four hundred eighty five dollars and eighty-six cents ($437,485.86) which equals the entirety of the money seized from the following accounts:

    A. State Bank and Trust Company, Money Market Account Number: 2000235552; believed to be held by Thomas and Maureen Sachy;

    B. Robins Financial Credit Union, Checking Account Number: 1000438817704, Member Number 70, believed to be held by Sachy, LLC;

15

   C.   Robins Financial Credit Union, Business Account Number: 1000368877779, Member Number 77; believed to be held by Georgia Pain and Behavioral Medicine; and

   D.   Robins Financial Credit Union, Checking Account Number: 1000489414707; believed to be held by Thomas and Maureen Sachy.

**REAL PROPERTY**

2.   Real property known as 247 Lana Drive, Gray, Jones County, Georgia, and any appurtenances and improvements thereon, which is more particularly described as:

> All that tract or parcel of land lying and being in Land Lot 30 of the 9th Land District of Jones County, Georgia, and being more particularly designated as Lot 7, containing 1.57 acres, more or less, according to a survey prepared by Herbert B. Orr, G.R.L.S., dated March 1, 2001, which appears of record in Plat Book 16, Page 220, Clerk's Office of Jones County Superior Court, to which reference is made for a more complete and accurate description.
>
> Said property is transferred subject to all easements and restrictions of record.
>
> This is the same property described in a Quit Claim Deed dated February 12, 2009 and recorded in Deed Book 771, Page 423; aforesaid records.
>
> Under the present system of numbering, this property is known as 247 Lana Drive, Gray, Jones County, Georgia.
>
> Tax Map Parcel No.: J38 00 318A

(K)   The Defendant agrees to forfeit his interest as well as the interests of Sachy, LLC and Georgia Pain and Behavioral Medicine. The Defendant agrees that neither he nor members of his family will contest or in any way impede the forfeiture of the

16

properties in the criminal action, or contest their forfeiture in any ancillary proceeding, or subsequent civil forfeiture action, and that he will execute any documents requested to facilitate forfeiture and liquidation of said properties.

(L)  Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the subject property pursuant to this plea agreement and subsequent civil action.

(M)  Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, is collected in full.

(6)

Nothing herein limits the sentencing discretion of the Court, other than as set forth above in Paragraph 3(B) regarding Rule 11(c)(1)(C), Federal Rules of Criminal Procedure.

(7)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain

17

from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigation Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

Defendant now admits that on or about July 3, 2016, to on or about July 4, 2016, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, he did knowingly did knowingly and intentionally dispense and distribute, and cause to be dispensed and distributed, lisdexamfetamine and oxycodone, Schedule II controlled substances, by issuing a prescriptions for the said controlled substances, not for a legitimate medical purpose and not in the usual course of professional practice; all in violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(C).

18

The parties further stipulate and agree that Defendant will not: (1) engage in the medical practice of pain management; (2) will not treat anyone for pain; or (3) seek to reinstate his DEA registration number while he is serving his sentence, including any term of supervised release. Defendant and the United States Attorney agree to recommend that any sentence of imprisonment imposed in this matter not exceed 97 months imprisonment; however, the United States will seek to introduce evidence of the Defendant's relevant conduct at sentencing and for purposes of the preparation of the pre-sentence investigation report.

(9)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 21st day of June, 2021.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

BY: *C. Shanelle Booker*
C. SHANELLE BOOKER
ASSISTANT UNITED STATES ATTORNEY

I, Thomas H. Sachy have read this agreement and had this agreement read to me by my attorney, Bruce S. Harvey. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
THOMAS H. SACHY
DEFENDANT

I, Bruce S. Harvey, attorney for Defendant Thomas H. Sachy have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
BRUCE S. HARVEY
ATTORNEY FOR DEFENDANT