IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THOMAS H. SACHY,<br><br>*Defendant*. | CRIMINAL ACTION NO.<br>5:18-cr-00048-TES-1 |

### ORDER

On November 22, 2021, the Court granted in part and deferred ruling in part on Defendant Thomas H. Sachy's Motion to Continue Sentencing Hearing [Doc. 277]. In granting the Motion in part, the Court set Defendant's sentencing hearing for January 10, 2022. [Doc. 278]. However, the Court deferred ruling on the portion of Defendant's Motion seeking to postpone his sentencing hearing until the United States Supreme Court issues its opinion in *Ruan v. United States*, 966 F.3d 1101 (11th Cir. 2020), *cert. granted*, 142 S. Ct. 457 (U.S. Nov. 25, 2021) (No. 20-1410).

On June 21, 2021, Defendant pled guilty to count four of the Indictment [Doc. 1] which charged him with unlawful distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). [Doc. 267, p. 3]. Specifically, Defendant admitted that on July 3–4, 2016, "he did knowingly and intentionally dispense and distribute, and cause to be dispensed and distributed, lisdexamfetamine and oxycodone, Schedule II controlled substances, by issuing *a*

*prescription*[1] for the said controlled substances, not for a legitimate medical purpose and not in the usual course of professional practice." [*Id.* at p. 18] (emphasis added).

According to Defendant's Motion, "[u]nder current law in the Eleventh Circuit, whether [he] acted in 'good faith' is irrelevant to the evaluation of 'relevant conduct' at sentencing, at least insofar as the relevant conduct involves allegations under the Controlled Substances Act [("CSA")], 21 U.S.C. § 841." [Doc. 277, p. 3]. Further, Defendant argues that "[n]one of the other circuits have endorsed the Eleventh Circuit's standard regarding the good faith defense available to physicians charged under the CSA[]" and therefore, "[a]ll it takes in the Eleventh Circuit to convict a physician under the CSA is a finding that he prescribed controlled substances 'outside generally accepted medical standards.'" [*Id.* at pp. 3–4].

Defendant contends that the Second, Fourth, and Sixth Circuits have a good faith defense that the government can overcome by proving that "the physician did not reasonably believe that his prescriptions fell within professional norms." [*Id.* at p. 4 (citing cases)]. Then, in the First, Seventh, and Ninth Circuits, Defendant further contends that the government may overcome a good faith defense upon proving that "the physician subjectively intended a prescription to exceed professional norms." [*Id.* at p. 5 (citing cases)]. In sum, Defendant tells the Court that "[e]ach of the circuits" to

---

[1] The Court adopted the handwritten change as indicated on the filed Plea Agreement [Doc. 267]. *See* [Doc. 267, p. 18].

2

have addressed the good faith issue "allow[] a physician to present at least some evidence of subjective, good faith intent as a defense." [*Id.* at p. 4].

Whether the Eleventh Circuit is right to reject a good faith defense when it comes to relevant conduct for alleged violations of the CSA is currently before the United States Supreme Court. Thus, it was the grant of a writ of certiorari in *Ruan* that prompted Defendant's request that his sentencing be postponed until the Supreme Court decides "whether a physician alleged to have prescribed controlled substances outside the usual course of professional practice may be convicted under [21 U.S.C. § 841(a)(1)] without regard to whether, in good faith, he 'reasonably believed' or 'subjectively intended' that his prescriptions fall within that course of professional practice." [Doc. 277, p. 6 (citing *Ruan*, 966 F.3d 1101 (11th Cir. 2020), *cert. granted*, 142 S. Ct. 457 (U.S. Nov. 25, 2021) (No. 20-1410))].

Even through Defendant argues that the good faith defense is highly relevant to sentencing "[i]f the Supreme Court reverses the judgment in *Ruan*," [Doc. 277, pp. 7–8], the Government points out that the Supreme Court's grant of certiorari "is not itself a change in the law." [Doc. 281, p. 4 (citing *Gissendaner v. Comm'r, Ga. Dep't of Corrs.*, 779 F.3d 1275, 1284 (11th Cir. 2015))]. The Court agrees. Not only would a sentencing stay presuppose a change in the law regarding the Eleventh Circuit's position on a good faith defense, but a stay would also run afoul of what the Eleventh Circuit requires in

circumstances like this one. Circuit precedent simply does not permit a stay or postponement of sentencing until the Supreme Court decides *Ruan*.

Unless and "[u]ntil the Supreme Court issues a decision that actually changes the law, [courts in the Eleventh Circuit] are duty-bound to apply this [circuit's] precedent . . . ." *Gissendaner*, 779 F.3d at 1284. At bottom, as the Government argues, there is simply "no legal . . . basis" to postpone Defendant's sentencing hearing until the Supreme Court decides *Ruan*—after all, that decision may not even affect the manner in which Defendant's sentence will be determined.[2] [Doc. 281, pp. 5–9]. Thus, applying the Eleventh Circuit's current precedent—which doesn't allow for a good faith defense—there is simply no reason to admit any evidence pertaining to such a defense. Accordingly, Defendant's Motion in Limine [Doc. 278] to present evidence of good faith at his sentencing hearing is **DENIED**, and Defendant Thomas H. Sachy's sentencing hearing will proceed as scheduled at <u>**11:00 a.m.**</u> on <u>**Monday, January 10, 2022**</u>.

**SO ORDERED**, this 27th day of December, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] To the extent the Supreme Court's decision in *Ruan* <u>does</u> affect how Defendant's sentencing is determined, the Government points out that although Defendant "signed a waiver of appeal in this case, a subsequent change in law may provide an avenue for him to seek relief on appeal." [Doc. 281, p. 5 n.1].