IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CASE NO.: 5:18-CR-00048-CHW |
| v. | ) | Judge Tripp Self III |
| | ) | |
| THOMAS H. SACHY, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MOTION FOR ORDER OF RECUSAL PURSUANT TO 28 U.S.C. § 455 and 28 U.S.C. § 144 AND MOTION TO RECONSIDER DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

---

Pursuant to 28 U.S.C. §§ 144 and 455(a) and (b), the Defendant, by and through, the undersigned counsel, Ronald Chapman II, and Meggan B. Sullivan, move to recuse the assigned judge, Honorable Tripp Self III, from this case. This motion is both timely and supported by affidavit. [1] As such, and pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144, the Defendant requests that Judge Self does not proceed further on any matters in the above-referenced case or the Motion to Reconsider Defendant's Motion to Withdraw Guilty Plea.  In addition, the Defendant request's another district court judge for the United States District Court for the Middle District of Georgia be assigned to decide sentencing, to decide this Motion to Reconsider Defendant's Motion to Withdraw Guilty Plea and all further proceedings.

For the reasons described below, all further actions should be reassigned to a judge who does not hold bias or prejudice against Dr. Thomas Sachy and is not privy to material facts at issue

---

[1] Attached to this motion is Attachment A- Declaration in Support of Defendant's Motion to Recuse ("Attachment A").

in the judicial proceedings. Judge Self adjudicated a hearing where he had to determine whether his own, arguably improper, comments regarding sentencing and a plea agreement violated Rule 11(c)(1) requiring automatic vacatur of the guilty plea.  While doing so, Judge Self displayed his actual bias and inability to set aside his personal interest in the outcome of the matter and inserted himself as a witness in the hearing while engaging in the improper cross examination of both Dr. Sachy and his priror Attorney Paul Harvey.

## FACTUAL BASIS[2]

The jury trial in the matter of *United States v. Thomas Sachy*, was set for June 21, 2021. On the first day of trial, at some point, while the jury was beginning to receive their instructions, the Government approached Dr. Sachy's defense counsel with a plea agreement (D.E. 267). Lengthy plea negotiations began and continued throughout most of day one of trial, delaying the start of the jury trial. Dr. Sachy and his defense counsel, Paul Harvey and Stephen Katz, went to a conference room upstairs in the courthouse. There, the group had numerous attorney-client privileged conversations concerning the negotiations of the plea agreement. During these conversations, Dr. Sachy's lawyers explained numerous concepts and items of consideration to Dr. Sachy while he was deciding whether to plead guilty.

Most importantly one consideration was the decision of *North Carolina v. Alford*, and Dr. Sachy's consideration of pleading guilty while maintaining he was in fact, not guilty of Count IV. Nearing the end of the negotiations, Assistant United States Attorney, Shanelle Booker, requested that defense counsel, Paul Harvey, communicate to Judge Self that the parties were close to a resolution and to request more time as they finished their dealings.

---

[2] Official transcripts of the hearing on Defendant's Motion to Withdraw Guilty Plea have been ordered and this factual basis is a summary of what undersigned counsel believes those transcripts will show. Counsel will supplement this filing with citations to the record when it becomes available.

Paul Harvey went to Judge Self and communicated the parties were close to resolution; however, he also made additional *ex parte* communications concerning the terms of the negotiations which included dismissing all counts except a plea of guilty to Count IV of the Indictment. When this was communicated, Judge Self, replied to the effect of "sounds like time served to me". It is unclear how long this meeting was or what additional information concerning the negotiations or sentence were discussed. After Judge Self communicated his thoughts regarding the sentencing of Count IV to Mr. Harvey, Mr. Harvey returned to the room and communicated that information to Dr. Sachy. He also communicated enthusiastically that this was good news and Dr. Sachy could, in part, rely on the sentence when presenting the Court with an *Alford* plea as to Count IV. All communications between Dr. Sachy and his defense counsel on day one of the jury trial were audio recorded by Dr. Sachy using a pen pocket recorder.

Late in the afternoon, Dr. Sachy decided to accept the plea agreement and followed his defense counsel's advice to respond to the Rule 11 colloquy by answering affirmatively he was in fact guilty of Count IV (D.E. 268). When deciding, it was Dr. Sachy's understanding that at the end of the colloquy, Paul Harvey would then ask the Court to accept the plea of guilty pursuant to *North Carolina v. Alford*. It was also Dr. Sachy's understanding that while he was in fact saying he was guilty, he was maintaining a posture of not guilty but doing so with his best interests in mind, mostly those interests being a time served sentence. Presumably, this understanding was a legitimate one because Paul Harvey, in fact, asked the Court at the Change of Plea Hearing to do just that. After an objection by the Government and argument by Mr. Harvey, the Court did not accept the *Alford* plea and the Court asked Dr. Sachy if he wanted to still plead guilty. Dr. Sachy replied affirmatively (D.E. 308, Transcripts of Proceedings held on June 21, 2021).

After some consideration following the change of plea hearing, Dr. Sachy did not believe he received effective representation in preparation for trial or during the negotiations of the plea agreement the morning of the trial. He terminated the attorney-client relationship with Mr. Harvey and Mr. Katz. Thereafter, he hired undersigned counsel and was advised of his right to withdraw the plea of guilty (D.E. 295).

A motion to withdraw his plea of guilty was filed (D.E. 297). A telephone conference was set by the Court to discuss the motion (D.E. 300). During the hearing, the audiotapes were discussed and Judge Self inquired of Sachy's defense counsel whether the basis of the Motion was the fact that an *ex parte* meeting had occurred. Ronald Chapman II, defense counsel, responded that there was no allegation that such a meeting had ***in fact*** occurred however; the audio recordings are clear that Mr. Harvey, at the very least, had communicated to Dr. Sachy that a meeting did occur and also communicated the contents of that meeting to Dr. Sachy. The basis of the motion was Mr. Harvey had assured Dr. Sachy he spoke with Judge Self and Judge Self indicated a time served sentence was warranted should he plead guilty pursuant to the plea agreement. The result of that basis being that Dr. Sachy erroneously relied on that information rendering his plea unknowing and not voluntary. During this telephone conference, Judge Self did not reveal whether the *ex parte* meeting occurred or whether he said the phrase, "sounds like time served to me" despite obviously being a witness to the meeting and having personal knowledge of whether it occurred or not and what was or was not said.

The hearing was held on March 11, 2022 (D.E. 310). During that hearing, the audio tapes of Dr. Sachy's attorney client meetings were admitted into evidence and are contained in the digital evidence vault (D.E. 310). In addition, testimony was given that the *ex parte* meeting occurred, the terms of the plea agreement were communicated to Judge Self by Paul Harvey and Judge Self

4

responded to Harvey by saying, "sounds like time served to me". Also, during the hearing, defense counsel objected to a line of questioning by Judge Self when his actual bias became testimonial in nature during his improper cross examination. Judge Self initiated his own cross examination of both Dr. Sachy and attorney Paul Harvey. The order on Defendant's Motion to Withdraw Guilty Plea is pending as of the date of this filing.

## ARGUMENT

The two principal statutes dealing with judicial recusal are 28 U.S.C. § 144, "Bias or prejudice of judge," and 28 U.S.C. § 455, "Disqualification of justice, judge, or magistrate." While section 455 substantially overlaps and subsumes section 144, there are some important differences either of which form a basis for the recusal of the Honorable Tripp Self. First, section 144 aims exclusively at *actual* bias or prejudice, whereas section 455 deals not only with actual bias as well as other specific conflicts of interest, but also with the *appearance* of partiality. Second, section 144 is triggered by a party's affidavit, whereas section 455 not only may be invoked by motion but also requires judges to recuse sua sponte where appropriate. Third, section 144 applies only to district judges while section 455 covers "any justice, judge, or magistrate of the United States."

Sections 455(a) and (b) provide separate (though substantially overlapping) bases for recusal. The former deals exclusively with the appearance of partiality in any circumstance, whereas the latter pertains to conflicts of interest in specific instances. Thus, the existence of facts listed in section 455(b) requires recusal, even if the judge believes they do not create an appearance of impropriety. *Lijeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847 (1988). Any circumstance in which a judge's impartiality might reasonably be questioned, whether or not included on in

section 455(b), requires recusal under section 455(a). *Id*. Section 455(b) includes explicit enumerated conflicts of interest in which recusal is mandatory and nonwaivable.

> **I.    Judge Self is disqualified under 28 U.S.C. § 144 and recusal is mandatory because of actual bias.**

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in factor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual bias, as well as the appearance of impropriety.  It is clear after the hearing on Defendant's Motion to Withdraw Gulity Plea that Judge Self exhibits actual bias towards Defendant Sachy and should not participate in the sentencing of Dr. Sachy on April 4, 2022. The sentencing of Dr. Sachy cannot be conducted without being tainted with the bias of Judge Self who is to determine the amount of time Dr. Sachy will serve. In addition, the plea agreement has yet to be accepted by the Court and that determination, as well, given the Guidelines Calculations in the Presentencing Report, cannot be made absent actual bias.

Section 144 requires the judge to transfer the motion once he has determined the affidavit is legally sufficient. The Supreme Court has held that the challenged judge must determine only the sufficient of the affidavit, not the truth of the allegations. *Berger v. United States*, 255 U.S. 22 (1921). Here, Judge Self knew the allegations of the *ex parte* communication occurred and also knew that he participated in the plea negotiations when he made the statement, "sounds like time served to me". While making that statement, he could not have known that it would be

communicated to the Defendant. However, once the audiotapes confirming communication to Dr. Sachy were given to him, there should have been no question that Judge Self knew Dr. Sachy had been told he could receive a time served sentence. Judge Self had no reason to believe the allegation that an *ex parte* communication occurred or that he said, "sounds like time served to me" were false. These are not groundless charges of bias in the affidavit. They are supported by audiotapes, the filings on the record and sworn testimony. The facts contained in the affidavit are sufficiently definite and particular to convince a reasonable person that bias exists. The status is heavily weighed in favor of recusal and its requirements are to be strictly construed to prevent abuse and ensure a fair proceeding. [3]

In sum, there is actual bias present and the case should be transferred immediately. The Court reviewing a section 144 motion must assume the factual allegations in movant's affidavit are true and must recuse itself if the allegations clearly suffice to establish a disqualifying bias.[4] Federal Rule of Criminal Procedure 11 governs guilty pleas. Rule 11(c)(1) instructs that a court must not participate in plea discussions.[5]  A defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Fed. R. Crim. Pro. 11, must show a reasonable probability that, but for the error, he would not have entered the plea. Where a judge improperly participates in plea discussions, the U.S. Supreme Court holds that misconduct itself does not demand vacatur, but a reviewing court must consider all that transpired in the trial court in order to assess the impact of the error on the defendant's decision to plead guilty. [6]

---

[3] *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987).
[4] To meet procedural requirements, movant files this motion without the benefit of transcripts of the proceedings but will supplement when those transcripts become available.
[5] Rule 11(h) states that a variance from the requirements of the rule is harmless error if it does not affect substantial rights.
[6] United States v. Davila, 133 S.Ct. 2139, (2013).

Judge Self's error lies with his failure to disclose his own violation of 11(c) at the telephone conference concerning Dr. Sachy's Motion to Withdraw Guilty Plea.  His affirmative choice to then have a hearing evaluating his plain Rule 11 error and its effect on Dr. Sachy and whether but for that communication, Dr. Sachy would not have entered the plea demonstrates the lengths he will mask that bias creating not just bias but substantial actual bias.  While the misconduct itself might not demand vacatur, the consideration of its impact cannot be properly determined by the party who is alleged to have done the misconduct.  No proper evaluation of the impact and vacatur under Rule(11)(h) could be performed by Judge Self.

In *United States v. Davila*, *133 S. Ct. 2139 (2013),* a magistrate judge held an *in camera* hearing at which Davila and his attorney but no represented of the United States appeared.  At the hearing, the Magistrate told Davila that he would not get another court-appointed attorney and that his best course, given the strength of the Government's case, was to plead guilty to a conspiracy charge in exchange for the dismissal of thirty-three other charges.  Davila plead guilty three months later.  Under oath, before a U.S. District Judge, he stated he had not been forced or pressured to enter the plea, and he did not mention the *in camera* hearing before the Magistrate Judge. Prior to sentencing, Davila moved to vacate his plea.  Finding the plea had been knowing and voluntary, the District Court judge denied the motion.  Again, Davila said nothing about the *in camera* meeting.  On appeal, the 11th Circuit held that the Magistrate's violation of Rule 11(c)(1) required automatic vacatur of Davila's guilty plea, obviating any need to inquire whether the error was prejudicial.

Here, while Judge Self's, beyond the pale, violation of Rule 11(c) when declaring, "sounds like time served to me" may not demand an automatic vacatur like *Davila's* did not, Dr. Sachy's due process rights demanded a fair and unbiased evaluation of the effect it had on his decision to

plead guilty. Dr. Sachy was deprived of his right to an impartial arbiter he is entitled. Unlike *Davila*, where there was a lag in time between the Rule 11 violation and the plea, Dr. Sachy plead relying on the time served assurance the same day. Also, distinguished from *Davila*, Judge Self, who examined and accepted Sachy's guilty plea obviously knew of the *exparte* meeting just prior to the change of plea hearing. In *Davila*, the in camera meeting with the Magistrate Judge was not known at the time the District Court judge accepted *Davila*'s plea. Judge Self's bias permeated the case-specific analysis and arguments that Sachy was prejudiced by Judge Self's comments and whether it effected his guilty plea including the Government's position that the plea was knowing and voluntary. It was improper of Judge Self to fail to disclose his own error in violation of Rule 11(c) when he participated in plea negotiations prior to the change of plea hearing. Despite the time served statement, after accepting the plea of guilty, he immediately revoked pretrial release and placed Dr. Sachy in custody pending his sentence. Then, when the Motion to Withdraw Guilty Plea was filed, he affirmatively chose to sit in judgment concerning the impact of his statements on Dr. Sachy's decision to plead guilty during that proceeding. He did not and could not set aside his own personal interests and engage in a nonprejudicial inquiry on Dr. Sachy's Motion to Withdraw His Guilty Plea. Furthermore, he has indicated he will deny the motion to withdraw guilty plea but as of the date of this filing has yet to do that. Consequently, if not recused, Judge Self will decide defendant's objections to the Pre Sentencing Report, whether to grant the Government's requested sentenced of ninety-seven months, and whether a variance in accordance with the 3553(a) factors and Judge Self will undoubtedly be persuaded by his decision to adhere or not to adhere to his assurances to Paul Harvey that a time served sentence is appropriate when deciding the adjusted offense level for the sentencing guidelines and when sentencing Dr. Sachy.

II.     **Judge Self is disqualified under Section 455(b) and recusal is mandatory because of the appearance of bias.**

Subsection 455(b)(1) requires Judge Self to disqualify himself where he has personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)

The standard for determining disqualification is "whether a reasonable person would be convinced the judge was biased." In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). During the Motion to Withdraw Guilty Plea, the Court exhibited a high degree of antagonism towards Dr. Sachy evidenced during the Court's own cross examination of Dr. Sachy. These accusations of lying under oath cloaked the true motivations of the Court to mask its own failure to recuse itself when adjudicating factual determinations and findings in light of actual bias or personal interest or the appearance of either. That bias and personal interest being the Court's interest to find that the Court's own improper and *ex parte* statement concerning the sentence of Dr. Sachy was not relied on by Dr. Sachy when pleading guilty. The Court's cross examination of Dr. Sachy and direct of the Government's witness, Paul Harvey, demonstrated such a high degree of antagonism towards Dr. Sachy and the hearing itself, it exemplified the Court's inability to make as fair a judgment as possible. Any lay observer of the hearing on Defendant's Motion to Withdraw Guilty Plea would have witnessed the questioning by Judge Self and deduced bias against Dr. Sachy and witnessed the personal agenda of Judge Self because the line of questioning was so distinguished from the normative judicial nature of a typical proceeding familiar to the public.

III.    **Judge Self is disqualified under 28 U.S.C. § 455(a) and improperly failed to sua sponte recuse himself prior to participating in Sachy's Motion to Withdraw Guilty Plea.**

A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). And, "the standard for recusal under § 455(a) is whether an objective, disinterested, lay observer, fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989). (internal quotations omitted); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 & n.12 (11th Cir. 1988) (emphasizing that the test is whether a "lay observer," and not one "trained in the law," would reasonably question the judge's impartiality). Under this standard, all doubts must be "resolved in favor of recusal." *Id*. Further, "objective standards may also require recusal whether or not actual bias exists or can be proved." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 886 (2009) (citing *In re Murchison*, 349 U.S. 133, 136 (1955), for the proposition that "[d]ue process 'may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.'"). Thus, 455(a) "clearly mandates … a judge err on the side of caution and disqualify himself in a questionable case." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1112 (5th Cir. 1980). Section 455(a)'s disqualification requirement "expand[s] the protection" of the specifically required disqualification scenarios of § 455(b). *Liteky v. United States*, 510 U.S. 540, 552 (1994).

a.    **By not sua sponte recusing himself, Judge Self did not act in accordance with Canon 3C, Code of Conduct for United States Judges, and his own promises to the Senate Judiciary Committee to err on the side of recusal.**

11

Under the Eleventh Circuit's Internal Operating Procedures, "[a] judge is disqualified under circumstances set forth in 28 U.S.C. § 455 or in accordance with Canon 3C, Code of Conduct for United States Judges as approved by the Judicial Conference of the United States, April 1973, as amended." *Fed. R. App. P. 47, 11th Cir. IOP 9.* Finally, the Code also instructs judges to "avoid impropriety and the appearance of impropriety in all activities," *Canon 2*, and specifically to "respect and comply with the law and [to] act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary," *Canon 2(A).* "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances . . . would conclude that the judge's honesty, impartiality, temperament, or fitness to serve as a judge is impaired." Commentary to Canon 2(A). Violations of the Code may, on their own, be sufficient to "destroy the appearance of impartiality and thus violate § 455(a)." *See, e.g.*, *United States v. Microsoft Corp.*, 253 F.3d 34, 114-15 (D.C. Cir. 2001).

Furthermore, Judge Self pledged in written responses to the Senate Judiciary Committee that he would recuse himself from cases involving impropriety and even err on the side of the mere appearance of impropriety. This is such a case. The Code of Judicial Conduct, adopted by Eleventh Circuit Court's Internal Operating Procedures, specifically requires his recusal, and his failure to adhere to his Senate confirmation testimony and the Code's provisions would cause their impartiality to "reasonably be questioned." 28 U.S.C. § 455(a).

In his written responses to the Questions for the Record from the Senate Judiciary Committee, Judge Self pledged if confirmed, "I will abide by the Code of Conduct for United States Judges and all applicable statutes, rules, practices, policies, procedures and case authority related to avoiding or resolving actual or potential conflicts of interests ***erring as I have since I***

*began serving as a judge on the side of recusal to avoid any appearance of impropriety*."
Attachment No. 2 at 24 (Self QFR Responses).

Given the sweeping recusal commitments made to the Senate Judiciary Committee (and the public), the judge's failure to recuse himself in any proceeding alleging Judge Self's *ex parte* participation in plea negotiations would lead an objective lay observer to question *why* he abandoned that pledge. Failing to follow those commitments (and the Code) and preside over the Motion to Withdraw Guilty Plea hearing would thus cause his impartiality to "reasonably be questioned," 28 U.S.C. § 455(a), requiring his disqualification. This is particularly so given the issue of participating in plea negotiations via an *ex parte* communication was not presented to the court by surprise but one that was presented to the Court prior to the need for a decision. Judge Self made an affirmative choice to hear the Motion to Withdraw Guilty Plea. If the refusal to sua sponte recuse is not evidence of Judge Self's bias enough, his participation in cross examining both Dr. Sachy and attorney Paul Harvey make it clear Judge Self abandoned all judicial role and inserted himself as a witness in the judicial proceeding he was adjudicating. Those objections were made by defense counsel on the record during the hearing on Defendant's Motion to Withdraw Guilty Plea.

Disqualification is required for Judge Self to avoid the appearance of impropriety. Any attempt to avoid recusal by parsing the text of the judges' commitments to the Senate would itself give rise to an obligation to disqualify, given Congress' command that questionable cases be resolved in favor of disqualification. He pledged to recuse even at the appearance of impartiality. This case, determining whether a district court judge participated in plea negotiations via an *ex parte* communication with defense lawyers and the reliance on that communication by a defendant when pleading guilty, will be subject to close public scrutiny whatever the result. The Court must

ensure that the legitimacy of that decision and the legitimacy of further proceedings resulting in the denial and rejection of a plea agreement is not at issue. This decision resolving the disputed facts as to the knowing and voluntariness of Dr. Sachy's plea of guilty cannot be reviewed by the same judge who will discern whether his own prior conduct (the communication to defense counsel that the pending plea negotiations sound like a time served sentence) had an impact on the Defendant and the trustworthiness of the defendant's guilty plea. [7]

Instead, knowledge of disputed evidentiary facts gained through an extrajudicial source warrant recusal. *See Id.* Such knowledge exists here as the personal knowledge of Judge Self, pertaining to sentencing, was gained via an *ex parte* communication with Sachy's lawyers and not a judicial proceeding.

WHEREFORE, the Defendant respectfully prays the Court recuse itself from all further proceedings, rulings, and sentencing regarding this matter and that this case be transferred to another judge to decide sentencing and hear arguments on Defendant's Motion to Reconsider the Motion to Withdraw Guilty Plea.

Dated: March 25, 2022:

Respectfully Submitted,
CHAPMAN LAW GROUP

*/s/ Ronald W. Chapman, II*
Ronald W. Chapman II, Esq., LL.M.
Michigan Bar No. P3179
*Counsel for Defendant Sachy*
1441 West Long Lake Road, Ste. 310
Troy, Michigan  48098
T: (248) 644-6326
F: (248) 644-6324
RWChapman@ChapmanLawGroup.com

*/s/ Meggan Bess Sullivan*

---

[7] *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999).

Meggan B. Sullivan, Esq. (Bar No. 33067)
*Counsel for Defendant Sachy*
201 4th Avenue North, Ste. 1130
Nashville, TN  37215
T: (615) 457-0449
megganbsullivan@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant's Motion to Withdraw Guilty Plea was filed and sent via the Court's CM/ECF system to Ms. C. Shanelle Booker, Assistant United States Attorney for M.D. Ga., 300 Mulberry Street, Macon, Georgia, 31201.

*/s/ Meggan B. Sullivan*
Meggan B. Sullivan