IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | |
| THOMAS H. SACHY, | * | CASE NO. 5:18-CR-48 (CDL) |
| Defendant. | * | |

O R D E R

The Court previously denied Defendant's Motion to Withdraw Guilty Plea, finding that fair and just reasons did not exist for allowing the withdrawal of the plea. The Court specifically found, consistent with the requirements of Federal Rule of Criminal Procedure 11, that Defendant's plea was informed and voluntary, that there was a factual basis for the plea, that the plea was not tainted by ineffective assistance of counsel, and that the Judge who accepted the plea did not improperly interject himself into the plea negotiations. *See generally* Order (May 9, 2022), ECF No. 321. Defendant, who is awaiting sentencing, has now filed a second motion to withdraw his guilty plea, this time based on a post-plea change in the law regarding the *mens rea* requirement for the offense to which he pled guilty. For the following reasons, the Court grants Defendant's motion (ECF No. 330).

BACKGROUND

Defendant, a medical doctor, was charged with conspiracy to distribute and dispense controlled substances, two counts of unlawful dispensation and distribution of controlled substances resulting in death and serious bodily injury, unlawful dispensation and distribution of controlled substances, maintaining a drug involved premises, and a money laundering conspiracy. On the day his trial was scheduled to begin, June 21, 2021, Defendant entered a guilty plea to count four of the indictment, which charged him with unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Section 841 makes it a federal crime, "[e]xcept as authorized . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance," such as opioids. 21 U.S.C. § 841(a)(1). Applicable regulations provide that a prescription for a controlled substance is only authorized when a doctor "acting in the usual course of his professional practice" issues it "for a legitimate medical purpose." 21 C.F.R. § 1306.04(a) (2021). Defendant pled guilty to one count of dispensing controlled substances not "as authorized," in violation of § 841.

When Defendant entered his guilty plea, binding Eleventh Circuit precedent established that § 841's "knowingly or

2

intentionally" *mens rea* requirement did not apply to "authorization." Thus, the Government was not required to prove beyond a reasonable doubt that the defendant knew that he was acting in an unauthorized manner, or intended to do so. *United States v. Ruan,* 966 F.3d 1101 (11th Cir. 2020). On June 27, 2022, a little over a year after Defendant entered his guilty plea but before Defendant was sentenced and prior to any final judgment being entered in his case, the Supreme Court overruled *Ruan* and the Eleventh Circuit precedent upon which it was based.[1] *Ruan v. United States,* 142 S. Ct. 2370, 2375 (2022) (holding that § 841's "'knowingly or intentionally' *mens rea* applies to authorization," and thus "after a defendant produces evidence that he . . . was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he . . . was acting in an unauthorized manner, or intended to do so").

Defendant argues that if the Supreme Court's holding in *Ruan* had been the law when he entered his guilty plea, he would not have pled guilty. He now seeks to withdraw his guilty plea and proceed to a jury trial in which the Government will be required to prove beyond a reasonable doubt that he knew he was acting in an unauthorized manner or that he intended to act in

---

[1] This unusual delay between Defendant's guilty plea and sentencing is due to Defendant's attempts to withdraw his guilty plea. No issue has been raised in the present motion regarding Defendant's speedy trial rights.

3

an unauthorized manner when he distributed the controlled substances pursuant to his prescription authority.

## DISCUSSION

Preliminarily, the Court emphasizes that no final judgment has been entered in this case. Thus, the applicable standard is not the one governing motions to set aside a judgment. The standard for withdrawing a guilty plea prior to sentencing arguably erects a lower hurdle. The defendant must establish a "fair and just" reason for doing so. Fed. R. Crim. P. 11(d)(2)(B). The following factors have traditionally been considered in determining whether the withdrawal hurdle can be cleared: (1) whether close assistance of counsel was available to the defendant at the time he made his plea; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. *United States v. Cesal,* 391 F.3d 1172, 1179 (11th Cir. 2004) (per curiam), *judgment vacated on other grounds by Cesal v. United States*, 545 U.S. 1101 (2005) (remanding for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005)). In rejecting Defendant's previous motion to withdraw his guilty plea, the Court found that in light of these factors, Defendant had failed to show that fair and just reasons existed for allowing him to withdraw his guilty plea. Defendant's

present motion requires the Court preliminarily to determine how the Supreme Court's decision in *Ruan* fits into this multi-factor analytical framework. As explained further below, it doesn't fit very well. Nevertheless, the Court will start with an attempt to fit the *Ruan* decision into the multi-factor *Cesal* framework.

The *Ruan* decision clearly does not change the fact that Defendant had close assistance of counsel during his plea and that resources would be conserved by not allowing withdrawal of the plea. These two factors continue to weigh against allowing withdrawal of the guilty plea. As to the prejudice to the Government factor, the Court finds that requiring the Government to prove that Defendant possessed the legally correct requisite *mens rea* mitigates any prejudice to the Government. Thus, this factor likely weighs in favor of permitting withdrawal of the plea. That leaves the final factor—whether *Ruan* changes the knowing and voluntary nature of Defendant's plea.

The Court is unconvinced that *Ruan* converts Defendant's voluntary and knowing plea to an involuntary and uninformed one. Defendant was fully aware when he decided to plead guilty of the possibility that the Eleventh Circuit decision in *Ruan* could be reversed. Certiorari was applied for on April 5, 2021, over two months prior to Defendant's plea. Although the Supreme Court did not actually grant certiorari until November 5, 2021, after

5

Defendant had pled guilty in June, Defendant had the opportunity to go to trial instead of pleading guilty, and if found guilty, appeal that judgment based upon the Supreme Court's later holding in *Ruan*. Clues existed at the time of Defendant's plea that the Eleventh Circuit decision in *Ruan* would be overruled. In its opinion, the Eleventh Circuit specifically noted that it was bound under the prior precedent rule to prior panel decisions dating back to 2006. Ruan, 966 F.3d at 1167. Although the Eleventh Circuit panel in *Ruan* may have been bound by this prior circuit precedent, the Supreme Court's decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019) arguably foreshadowed that this precedent may be on shaky ground. In *Rehaif,* the Supreme Court held that in the prosecution of a defendant for being a felon in possession of a gun, the Government must prove beyond a reasonable doubt that the Defendant knew he was not authorized to possess a gun. 139 S. Ct. at 2200. That same rationale is consistent with the Supreme Court's subsequent rationale in *Ruan*. Defendant's well-experienced counsel certainly were on notice of the implications of *Rehaif* and its potential application to *Ruan* and the circuit precedent upon which it relied*.* Yet, Defendant made the tactical decision to accept the Government's plea offer. Thus, the Court finds that under these circumstances the Supreme Court's decision in *Ruan* does not convert Defendant's otherwise

6

voluntary and knowing plea into an involuntary and uninformed one. So, this factor continues to weigh against allowing withdrawal of the guilty plea.

If the Court restricted its analysis to the *Cesal* factors, those factors preponderate against allowing withdrawal of the guilty plea. But this judge-made multi-factor analytical framework does not adequately fit the situation presently before the Court. While these multi-factor balancing tests are due some deference, they are simply tools designed to provide a consistent approach to resolving a legal issue. And sometimes the analytical tool does not fit the job at hand. Rather than trying to use an ill-fitted tool, the Court finds it necessary to focus on the only legitimate reason for withdrawing the plea here and evaluating whether that reason is a fair and just one.

When Defendant pled guilty, the *mens rea* for the crimes with which he was charged placed a substantially lower burden of proof on the Government. The Government merely had to convince a jury that Defendant's conduct was "unauthorized," not that he "knew" it was unauthorized. Defendant now seeks to have the Government prove what the law requires before he is deprived of his liberty. Quite frankly, that does not seem too much to ask. The Court fully understands that defendants should not be allowed to wiggle out of their voluntary, fully informed guilty pleas willy-nilly. To do so would disrupt the stability of the

judicial process, waste judicial resources, potentially prejudice the Government unfairly, and in some circumstances allow a defendant to game the process and thus create a mockery of the justice system. But when a defendant has second thoughts before he is sentenced based upon a substantial change in the law, which change has a material effect on the Government's burden of proof, allowing withdrawal of a guilty plea under these circumstances recognizes the obvious fairness of subjecting a defendant to criminal responsibility under the right rules; and requiring the Government to carry its burden under the right rules certainly cannot be unjust.[2]

The Government's arguments to the contrary miss the mark. The question is not whether Defendant's guilty plea was voluntary, fully informed and supported by an independent basis in fact. It was—as this Court previously found. *Ruan* does not change this conclusion. Furthermore, it is clear that Defendant admitted to certain facts in his plea agreement and during the plea colloquy that would support a guilty plea even under the new *Ruan mens rea* requirement. But Rule 11(d)(2)(B) contemplates the withdrawal of pleas that were fully informed, voluntary, and supported by an independent basis in fact. The Rule allows withdrawal of such enforceable pleas if a "fair and just" reason

---

[2] Defendant's decision to reject his plea deal with the Government and seek withdrawal of his guilty plea is not without substantial risk. A loss at trial could result in a significantly longer prison sentence. So if he is attempting to game the system, he is quite the gambler.

8

exists for doing so.  When Defendant faced an imminent jury trial with the potential for a life sentence if convicted, he understood (correctly at the time) that a jury could find him guilty even if the jury concluded that he did not know that he was acting in an unauthorized manner when he wrote prescriptions and dispensed drugs.  If he goes to trial now (after *Ruan*), the Government will have to prove beyond a reasonable doubt that he knew at the time he engaged in this conduct that he was not authorized to do so.  Although (as the Government suggests) the Government can carry its burden with circumstantial evidence, it must concede that this requirement represents a significant change in its burden of proving that Defendant acted with the requisite *mens rea*.  Proving a *mens rea* of "knowingly" and/or "intentionally" has long been considered a significant burden. Thus, the fundamental issue here is whether allowing Defendant to withdraw his previous plea under these circumstances is fair and just, even if his previous plea agreement would otherwise be enforceable.  The Court finds that it is.  Because fair and just reasons exist for allowing Defendant to withdraw his guilty plea, his motion is granted.[3]

---

[3] The Court hastens to add that today's ruling implies nothing with regard to whether Defendant is likely to be found guilty of the serious crimes charged in the indictment.  It simply restores Defendant's presumption of innocence which the Government has an opportunity to overcome by convincing a jury with evidence that Defendant is guilty beyond a reasonable doubt in light of the correct *mens rea* element.

9

CONCLUSION

Defendant's present motion to withdraw his guilty plea (ECF No. 330) is granted. This case is set down for a jury trial to begin January 30, 2023 in the COLUMBUS DIVISION. A final pretrial conference is scheduled for December 14, 2022 beginning at 9:30 A.M. at the United States Courthouse in Columbus, Georgia. The Court does not intend to reconsider rulings on pretrial motions that were previously ruled upon, unless the prior ruling could be impacted by the Supreme Court decision in *Ruan.* Any motions to reconsider those prior rulings and any other pretrial motions by either party, including motions in limine and motions to suppress, shall be filed by October 28, 2022. Responses to any such motions shall be filed by November 18, 2022. Proposed voir dire questions and requested jury instructions shall be filed by December 2, 2022. The Magistrate Judge shall conduct a detention hearing to determine whether Defendant should remain detained pending his trial.

IT IS SO ORDERED, this 18th day of August, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA