IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CASE NO. 5:18-CR-00048-CDL-CHW-1 |
| | : |
| **THOMAS H. SACHY,** | : |
| | : |
| **Defendant** | : |
| | : |

UNITED STATES' MOTION IN LIMINE
TO PRECLUDE DEFENDANT FROM MAKING ANY SELECTIVE OR
VINDICTIVE PROSECUTION ARGUMENTS AT TRIAL
AND MEMORANDUM IN SUPPORT

The United States of America, by and through the United States Attorney for the Middle District of Georgia, hereby moves the Court *in limine* to exclude from introduction at trial any arguments offered by defense counsel that the government has chosen to selectively or vindictively prosecute the defendant.

BACKGROUND

At all relevant times, Defendant Thomas H. Sachy ("defendant") held a license to practice medicine in the State of Georgia and was registered with the United States Drug Enforcement Administration ("DEA") under the provisions of the Controlled Substances Act, with authorization to write prescriptions for Schedule II, III, IV, and V controlled substances for legitimate medical purposes in the usual course of his professional practice. The defendant operated Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia ("medical practice"). A federal grand jury hearing evidence of

defendant's criminal conduct in connection with the medical practice charged him in a 6-count indictment with the following offenses: (1) conspiring with others to distribute and dispense controlled substances outside the usual course of professional medical practice and for no legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846; (2) dispensing and distributing controlled substances outside the scope of professional practice and not for a legitimate medical purpose, resulting in death and serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); (3) dispensing and distributing controlled substances outside the scope of professional practice and not for a legitimate medical purpose, resulting in death and serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); (4) dispensing and distributing controlled substances outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); (5) operating a physical premises for the purpose of unlawfully distributing controlled substances, in violation of 21 U.S.C. §§ 856(a)(1), (a)(2); and (6) conspiring with others to engage in money-laundering activities, in violation of 18 U.S.C. § 1956(a)(l)(A)(i). The government anticipates that the defendant may seek to present during the course of trial various arguments intended to suggest that he has been the subject of selective or vindictive prosecution by the government. The government seeks to exclude the presentation to the jury of any such arguments by defense counsel.

## ARGUMENT

The government moves to preclude the defendant from arguing at trial that local and federal law enforcement officials chose to investigate and prosecute him rather than other medical providers who engaged in the same or similar activities. In this Circuit, "[a] defendant asserting that she was selectively prosecuted must show that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015). As the Court in *Brantley* explained, "the discriminatory effect prong of this test requires a showing that similarly situated individuals were not prosecuted, and the discriminatory purpose prong requires that the decisionmaker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Id.* (cleaned up).

The sole issue before the jury in the defendant's trial will be whether he is guilty of the crimes charged against him. Arguments at trial should therefore focus on that issue and that issue only. Issues related to alleged selective prosecution are inappropriate for presentation to the jury because the defense of selective prosecution is a matter exclusively for this Court—not the jury—to resolve. *See United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995) ("[S]elective prosecution is a defect in the institution of the prosecution that has no bearing on the determination of factual guilt. The selective prosecution defense is an issue for the court to decide, not an issue for the jury." (citations omitted)).

3

## CONCLUSION

For these reasons, the government respectfully requests that this Court preclude defendant from making any selective or vindictive prosecution arguments at trial in this case.

Respectfully submitted, this 3rd day of May, 2023.

                                      PETER D. LEARY
                                      UNITED STATES ATTORNEY

By:   */s/ C. Shanelle Booker*

                                      C. SHANELLE BOOKER
                                      Assistant United States Attorney
                                      Georgia Bar No. 991041
                                      United States Attorney's Office
                                      Post Office Box 1702
                                      Macon, Georgia 31202-1702
                                      Telephone: (478) 752-3511
                                      Email: Shanelle.Booker@usdoj.gov

**CERTIFICATE OF SERVICE**

I, C. Shanelle Booker, Assistant United States Attorney, hereby certify that on May 3, 2023, I electronically filed the within and foregoing **UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM MAKING ANY SELECTIVE OR VINDICTIVE PROSECUTION ARGUMENTS AT TRIAL AND MEMORANDUM IN SUPPORT** with the Clerk of the Court using the CM/ECF system, which will send notification to the Court and all counsel of record.

This 3rd day of May, 2023.

                                               PETER D. LEARY
                                               UNITED STATES ATTORNEY

By:   */s/ C. Shanelle Booker*

        C. SHANELLE BOOKER
        Assistant United States Attorney
        Georgia Bar No. 991041
        United States Attorney's Office
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 752-3511
        Email: Shanelle.Booker@usdoj.gov