IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 5:18-CR-00048-CDL-CHW-1 |
| ) | JUDGE LAND |
| v. ) | |
| ) | |
| THOMAS H. SACHY, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S OBJECTION TO THE ADMISSION OF GOVERNMENT'S EXHIBIT NO. 138**

COMES NOW, the Defendant, Thomas Sachy, and hereby files its position as to the admission of Government's Exhibit No. 138 and states as follows:

Federal Rule of Criminal Procedure 16(b)(2) which incorporates work-product doctrine protections, is applicable here because it applies to a criminal defendant's disclosures under Criminal Rule 16(b)(1). Here, the alleged work-product "war file" was not disclosed by the Defendant but taken by the Government via a search warrant and should be excluded.

As stated by the Eleventh Circuit in *Williamson v. Moore*, 221 F.3d 1177, 1182 & n.5 (11th Cir. 2000), the underlying policies regarding the work product doctrine as articulated by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), which was a civil action, "are inherent in any kind of judicial proceeding." As such, this Court should rely on both civil and criminal cases analyzing the work product doctrine to the extent such cases are not inconsistent with the Federal Rules of Criminal Procedure.

Thus, as contemplated by this Rule, the work-product doctrine protects from disclosure materials prepared by an attorney acting for his client in anticipation of litigation. *See* Federal

Rules of Civil Procedure, Advisory Committee Notes, Rule 26(b) (3), 1970 Amendment (discussing development of work product doctrine).

Fed. R. Civ. P. 26(b)(3)(A) makes it clear that documents produced by non attorneys may also enjoy work product privilege:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). The party claiming the work product privilege must prove that the materials are:
>
> 1. Documents and tangible things;
> 2. Prepared in anticipation of litigation or trial; and
> 3. By or for the party or by or for the party's representative.

Fed. R. Civ. P. 26(b)(3)(A).

Because the war file was prepared at the direction of counsel to Dr. Sachy and in anticipation of litigation, the file is protected by the work product doctrine. *Brown v. NCL (Bah.), Ltd.*, 155 F. Supp. 3d. 1335, 1337 (S.D. Fla. 2015); *Lobegeiger v. Royal Caribbean Cruises Ltd.*, Case NO. 11-21620-CIV, 2012 U.S. Dist. LEXIS 34718, 2012 WL 760857 (S.D. Fla. March 7, 2012). Additionally, a review of the file indicates that the contents of the file in particular was a collection of information that is geared towards the defense of both investigation and litigation. Such materials are protected by the work product doctrine. *Bridgewater v. Carnival*, 286 F.R.D. 636, 643 (S.D. Fla. 2011).

The work product privilege can be waived by disclosure. Work product privilege is broader than the attorney/client privilege because its purpose is to protect the adversary process. An attorney may independently invoke the work product privilege and a waiver of the privilege by the client does not waive the privilege on behalf of the client. *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006). Dr. Sachy has not waived his privilege because he did not disclose the file and the retrieval of the file was not voluntary but compelled via the Government's search of his office and computer. The Government has not presented extraordinary circumstances for disclosure of the withheld documents, nor have they rebutted the testimony of Dr. Sachy that this file was made at the direction of his attorney and made in anticipation of defending against an ongoing criminal investigation and potential trial.

Based on the foregoing, the Court should find the file and its entirety are shielded by the work product privilege and should be excluded from trial.

DATE: May 4, 2023

Respectfully submitted,

*/s/ Meggan Bess Sullivan*
MEGGAN BESS SULLIVAN, 33067
424 Church Street
Suite 2000
Nashville, TN 37219
(615) 457-0449
msullivan@chapmanlawgroup.com

## CERTIFICATE OF SERVICE

I certify that copy of the Defendants Position Regarding the Admission of Government's Exhibit No. 138 has been served via the court's CM/ECF system and electronic mail on Assistant Untied States Attorney, Shanelle Booker.

*/s/ Meggan Bess Sullivan*