**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | : **CASE NO. 5:18-CR-48** |
| **v.** | : **VIOLATIONS:** |
| **THOMAS H. SACHY,** | : 18 U.S.C. § 371 |
| **Defendant.** | |

## SUPERSEDING INFORMATION

### THE UNITED STATES ATTORNEY CHARGES:

### INTRODUCTION

At all times material to this ~~Indictment~~ Superseding Information:

1. The Controlled Substances Act, Title 21, United States Code, Sections 801 and following ("CSA") governs the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA makes it "unlawful for any person knowingly or intentionally…to manufacture, distribute, or dispense…a controlled substance."

2. The CSA defines a "controlled substance" as a drug or other substance that is included in one of five schedules – Schedule I, II, III, IV, or V – of Subchapter I, Part B of the Act. Title 21, United States Code, Section 802(6). Drugs or substances are placed into these schedules based on their potential for abuse among other things.

   a. "Schedule II" means that the drug or other substance has a currently accepted medical use with severe restrictions and has a high potential for abuse that can

lead to severe psychological or physical dependence. Title 21, United States Code, Section 812(b)(2).

b. "Schedule III" means that the drug or other substance has a currently accepted medical use with a potential for abuse that is less than those listed in Schedule II, but can lead to moderate or low physical dependence or high psychological dependence. Title 21, United States Code, Section 812(b)(3).

c. "Schedule IV" means that the drug or other substance has a currently accepted medical use with a low potential for abuse relative to those listed in Schedule III and can lead to limited physical or psychological dependence. Title 21, United States Code, Section 812(b)(4).

3. Title 21, Code of Federal Regulations, Sections 1308.12, 1308.13, 1308.14, and 1308.15 consist of the drugs and other substances contained in Schedules II, III, IV, and V, respectively.

a. Hydrocodone, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(b)(1)(vi). Hydrocodone, which may be combined with acetaminophen, is sold generically under a variety of brand names including Vicodin, Lortab, Lorcet, and Norco.

b. Morphine, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(b)(1)(ix).

c. Oxycodone, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(b)(1)(xiii). Oxycodone,

which may be combined with acetaminophen, is sold generically under a variety of brand names including Percocet, OxyContin, and Roxicodone.

d. Fentanyl, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(c)(9).

e. Methadone, an opioid pain medication, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(c)(15).

f. Lisdexamfetamine, which is classified as a stimulant, is a Schedule II controlled substance. Title 21, Code of Federal Regulations, Section 1308.12(d)(5). Lisdexamfetamine is sold generically under a variety of brand names including Vyvanse.

g. Alprazolam, which is classified as a depressant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(c)(2). Alprazolam is sold generically and under a variety of brand names including Xanax.

h. Carisoprodol, which is classified as a depressant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(c)(6). Carisoprodol is sold generically and under a variety of brand names including Soma.

i. Diazepam, which is classified as a depressant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(c)(16). Diazepam is sold generically and under a variety of brand names including Valium and Diastat.

      j.  Phentermine, which is classified as a stimulant, is a Schedule IV controlled substance. Title 21, Code of Federal Regulations, Section 1308.14(f)(9). Phentermine is sold generically and under a variety of brand names including Adipex and Fastin.

4.  Title 21, United States Code, Section 822(b) and Title 21, Code of Federal Regulations, Section 290.1, provide that the controlled substances listed in Schedules II, III, IV, and V can be dispensed or distributed only by prescriptions by a practitioner registered with the United States Drug Enforcement Administration ("DEA") for that purpose. The DEA, as authorized by the Controlled Substances Act, issues registration numbers to qualifying medical practitioners that allow them to issue prescriptions for Schedule II, III, IV, and V controlled substances. Accordingly, controlled substances, such as opioid pain medications, can be dispensed only pursuant to a valid prescription from a medical practitioner authorized by the DEA to distribute controlled substances. Title 21, Code of Federal Regulations, Section 1306.03.

5.  The term "dispense" means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user. Title 21, United States Code, Section 802(10).

6.  The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical. The term "distributor" means a person who

so delivers a controlled substance or a listed chemical. Title 21, United States Code, Section 802(11).

7. Title 21, Code of Federal Regulations, Section 1306.04 provides that in order for a prescription for a controlled substance to be valid, it "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."

8. A prescription for a controlled substance that was issued without a legitimate medical purpose or outside of the individual practitioner's usual course of his professional practice is not a valid prescription, and the person who issues the prescription violates Title 21, United States Code, Section 841(a)(1).

9. At the time of the events in the Indictment, Defendant **THOMAS H. SACHY** was registered with the DEA under the provisions of the Controlled Substances Act and was assigned a DEA registration number that authorized him to write prescriptions for Schedule II, III, IV, and V controlled substances. Defendant **THOMAS H. SACHY** also held a license to practice medicine in the State of Georgia and was employed at Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia.

10. At the time of the events in the Indictment, Defendant **THOMAS H. SACHY** was the only person at Georgia Pain and Behavioral Medicine that was a medical doctor and the only person that was authorized to practice medicine or write prescriptions.

## COUNT ONE
**(Conspiracy to Distribute and Dispense Controlled Substances)**

11. The allegations contained in paragraphs 1 through 10 of the Indictment are hereby repeated, re-alleged, and incorporated by reference as if duly set forth herein.

12. Beginning on a date unknown, but no later than January 1, 2013, and continuing up to and including May 1, 2018, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court,

**THOMAS H. SACHY,**
**a physician authorized to prescribe controlled substances,**

Defendant herein, did knowingly combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the United States Attorney, to knowingly and intentionally distribute and dispense, and cause to be distributed and dispensed, outside the usual course of professional medical practice and for no legitimate medical purpose, a prescription dated March 28th, 2016 for Vyvanse 70mg #30, Oxycontin 80 #120, Oxycontin 60 #60, Oxycodone 30 #240, and Hydrocodone 10/325 in violation of Title 21, United States Code, Section 841(a)(1).

### Purposes, Manner, and Means of the Conspiracy

13. The purposes, manner, and means of the conspiracy, included but were not limited to, the following:

14. Defendant operated and assisted in operating Georgia Pain and Behavioral Medicine in Gray, Jones County, Georgia.

15. To accomplish this purpose, **THOMAS H. SACHY**, a physician authorized to prescribe controlled substances, with the knowing involvement and participation of those known and unknown to the United States Attorney, knowingly prescribed

Vyvanse, Oxycontin, Oxycodone, and Hydrocodone for reasons other than a legitimate medical purpose and not in the usual course of professional treatment, thus causing, aiding, abetting, and facilitating the misuse, abuse, and further distribution of the prescribed controlled substances.

16. Defendant issued a prescription dated March 28th, 2016 for Vyvanse 70mg #30, Oxycontin 80 #120, Oxycontin 60 #60, Oxycodone 30 #240, and Hydrocodone 10/325.

### Overt Acts

17. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Georgia and elsewhere:

18. On March 28, 2016 defendant knowingly and intentionally distributed and dispensed, and cause to be distributed and dispensed, outside the usual course of professional medical practice and for no legitimate medical purpose, a prescription dated March 28th, 2016 for Vyvanse 70mg #30, Oxycontin 80 #120, Oxycontin 60 #60, Oxycodone 30 #240, and Hydrocodone 10/325 in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 371 in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)

### FORFEITURE NOTICE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 - Criminal Forfeiture)

1.      The allegations contained in Count One of this Superseding Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of a conspiracy to violate section Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)  in violation of Title 18, United States Code, Section 371, the defendant, Thomas Sachy, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violations.

3.      If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Presented by:

PETER D. LEARY
UNITED STATES ATTORNEY

_____

C. SHANELLE BOOKER
Assistant United States Attorney

Filed in open court this 11th day of May, 2023.

_____
Deputy Clerk                    G L. Gunn