IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 5:18-CR-00048-CDL-CHW |
| | : |
| THOMAS H. SACHY, | : |
| | : |
| Defendant | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Thomas H. Sachy, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Superseding Information against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant her understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be

1

entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing, the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as follows:

2



(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Superseding Information which charges Defendant with Conspiracy to Commit an Offense Against the United States in violation of Title 18, United States Code, Section 371 i/c/w Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(B) That Defendant fully understands that Defendant's plea of guilty to Count One as set forth in Subparagraph (A), above, will subject Defendant to a maximum sentence of five (5) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of at least three (3) years.

However, this plea agreement is made pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and Defendant and the United States Attorney agree to recommend that any sentence of imprisonment imposed in this matter not exceed time served and no supervised release. ~~If the Court accepts this agreement, this request will be binding on the Court, and that the Court will not decide whether to accept this agreement until after it has reviewed the Pre-Sentence Investigation Report ("PSR") prepared by the U.S. Probation Office concerning defendant. Fed. R. Crim. P. 11(e)(3).~~ Defendant further understands that if the Court rejects this plea agreement the Court must do so on the record and in open Court. The Court must advise defendant of the following: (A) inform the parties that the Court rejects the plea agreement, (B) advise Defendant personally that the Court is not required to follow the plea agreement and give defendant the opportunity to withdraw the plea and (C) advise Defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward

3

the Defendant than the plea agreement contemplated. The Government further agrees that should this plea be withdrawn based on the Court notifying the parties that it will not accept the terms of this agreement, the Government will not make any use of the statements made by Defendant during the plea colloquy or as stipulated in this agreement in any subsequent trial which might be necessary.

(C) Subject to the conditions stated in Paragraph 3(B) above, the Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigation Report and found by the Court to be the correct guideline range.

(D) Subject to the conditions stated in Paragraph 3(B) above, the Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigation Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigation Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigation

4

Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Subject to the conditions stated in Paragraph 3(B) above, Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H) Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner



(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count One of the Superseding Information.

(B) If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(C) The parties further stipulate and agree that Defendant will: (1) surrender his medical license to the Georgia Composite Medical Board and (2) will not seek to reinstate his DEA registration number. Defendant and the United States Attorney agree



to recommend that any sentence of imprisonment imposed in this matter not exceed time served followed by no supervised release.

(5)

## Criminal Forfeiture

Defendant THOMAS H. SACHY hereby agrees to forfeit to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all property, which is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), including, but not limited to the following:

### FIREARMS

A.  Six (6) assorted firearms with magazines and ammunition, seized from Thomas Sachy at Georgia Pain and Behavioral Medicine, more particularly described as follows:

1.  One (1) Berretta, Model: U22 Neos, .22 caliber pistol, Serial Number: R12360, with attached magazine and four (4) rounds of ammunition;

2.  One (1) Ruger, Model: 10/22, .22 caliber Takedown Lite rifle, Serial Number: 354-28585, with attached magazine and fourteen (14) rounds of ammunition;

3.  One (1) Remington, Model: 870, .12 caliber Express Synthetic Tactical shotgun, Serial Number: AB879440M, with seven (7) rounds of

8



ammunition;

4. One (1) Lithgow Enfield, Model: S.M.L.E, .303 caliber MK III rifle, Serial Number: 95157, with attached magazine;

5. One (1) Taurus, Model: PT-145, .45 caliber Millennium Pro pistol, Serial Number: NCS95614, with attached magazine and nine (9) rounds of ammunition;

6. One (1) Smith & Wesson, Model: 4516, .45 caliber Compact Stainless pistol, Serial Number: TCT0969, with attached magazine and eight (8) rounds of ammunition.

(hereinafter collectively referred to as the "subject property").

(A) Defendant agrees to the entry of a preliminary order of forfeiture of the subject property pursuant to the Federal Rules of Criminal Procedure 32.2 upon acceptance of defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the subject property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J), at the time his guilty plea is accepted.

(B) Defendant agrees that the subject property constitutes or was derived from proceeds obtained, directly and indirectly, as a result of offense(s), and/or was used, or intended to be used in any manner or part to commit, or to facilitate the commission of

9



the violation(s) of Title 18, United States Code, Section 371 i/c/w Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C) as set in Count One of the Superseding Information, and is subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Defendant agrees fully to assist the United States in the forfeiture of the subject property and to take whatever steps are necessary to pass clear title to the subject property to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer Defendant's interest in any of the subject property to the United States, and taking whatever steps are necessary to ensure that the property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(E) Defendant agrees to waive all interest and not file a claim to any of the subject property, or any other property subject to forfeiture, in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, which may be or has been initiated.

(F) Defendant agrees to waive Defendant's right to notice of any forfeiture proceeding involving the subject property, or any other property subject to forfeiture, and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(G) Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the subject property. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the subject

10



property in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the subject property by the United States, the State of Georgia, or its subdivisions.

(H) Defendant agrees that forfeiture of the subject property as authorized herein shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the Defendant in addition to forfeiture.

(I) Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of the subject property.

(J) The Government reserves its right to proceed against any remaining assets not identified either in this agreement or in any subsequent civil action, which are being resolved along with this plea of guilty, including the following property:

**CURRENCY**

1. Two hundred thousand dollars ($200,000) of the eight hundred sixty-two thousand, three hundred seventy-two dollars, and four cents ($862,372.04), seized from Vanguard, SEP IRA Account Number: 46436568, believed to be held by THS Family Limited Partnership;



(K) The remaining balance of six hundred sixty-two thousand, three hundred seventy-two dollars and four cents ($662,372.04) of the eight hundred sixty-two thousand, three hundred seventy-two dollars, and four cents ($862,372.04), seized from Vanguard, SEP IRA Account Number: 46436568, believed to be held by THS Family Limited Partnership shall be returned to THS Family Limited Partnership through the Defendant's counsel of record.

(L) Two hundred five thousand, eight hundred eighty-four dollars and twenty-nine cents ($205,884.29), seized from State Bank and Trust Company, Money Market Account Number: 2000235552; believed to be held by Thomas and Maureen Sachy shall be returned to Thomas and Maureen Sachy through the Defendant's counsel of record.

(M) Fifty thousand, seven hundred twenty-five dollars and twenty-three cents ($50,725.23), seized from Robins Financial Credit Union, Checking Account Number: 1000438817704, Member Number 70, believed to be held by Sachy, LLC shall be returned to Sachy, LLC through the Defendant's counsel of record.

(N) One hundred twenty-nine thousand, nine hundred twenty-six dollars and eighty cents ($129,926.80), seized from Robins Financial Credit Union, Business Account Number: 1000368877779, Member Number 77; believed to be held by Georgia Pain and Behavioral Medicine shall be returned to Georgia Pain and Behavioral Medicine through the Defendant's counsel of record.

(O) Fifty thousand, nine hundred forty-nine dollars and fifty-four cents ($50,949.54), seized from Robins Financial Credit Union, Checking Account Number: 1000489414707; believed to be held by Maureen Sachy shall be returned to Maureen Sachy

12



through the Defendant's counsel of record.

(P) Fifty-two thousand, one hundred sixty-two dollars, and sixteen cents ($52,162.16), seized from Vanguard, SEP-IRA Account Number: 0540-88112241999, believed to be held by Thomas Sachy shall be returned to Thomas Sachy through the Defendant's counsel of record.

(Q) Thirty-six thousand, eight hundred ninety-five dollars, and seven cents ($36,895.07), seized from Vanguard, 500 Index Fund IRA Account Number: 054-88114516091, believed to be held by Thomas Sachy shall be returned to Thomas Sachy through the Defendant's counsel of record.

(R) Sixty-five thousand, seventy-six dollars, and fourteen cents ($65,076.14), seized from Vanguard, Individual Account Number: 43090798, believed to be held by Thomas Sachy shall be returned to Thomas Sachy through the Defendant's counsel of record.

(S) Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the subject property pursuant to this plea agreement and subsequent civil action.

(T) Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, is collected in full.

13



(6)

Nothing herein limits the sentencing discretion of the Court, other than as set forth above in Paragraph 3(B) regarding Rule 11(c)(1)(C), Federal Rules of Criminal Procedure.

(7)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigation Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

14



Defendant now admits that on March 28, 2016, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, he, did knowingly combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and dispense, and cause to be distributed and dispensed, outside the usual course of professional medical practice and for no legitimate medical purpose, a prescription for Vyvanse 70mg #30, Oxycontin 80 #120, Oxycontin 60 #60, Oxycodone 30 #240, Hydrocodone 10/325 #60 in violation of Tile 18, United States Code, 371 i/c/w Title 21, United States Code, Sections 841(a)(l) and (b)(l)(C).

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 11th day of May, 2023.

PETER D. LEARY
UNITED STATES ATTORNEY

BY: C. Shanelle Booker
C. SHANELLE BOOKER
ASSISTANT UNITED STATES ATTORNEY

15



I, Thomas H. Sachy have read this agreement and had this agreement read to me by my attorney, Ronald W. Chapman II. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
THOMAS H. SACHY
DEFENDANT

I, Ronald W. Chapman II, attorney for Defendant Thomas H. Sachy have explained the Superseding Information and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
RONALD W. CHAPMAN II
ATTORNEY FOR DEFENDANT

